# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ, CDCR #C-47759,<br><br>            Plaintiff,<br><br>    vs.<br><br>F. GONZALEZ, et al.,<br><br>            Defendants. | Civil No.   08-1113 MJL (PCL)<br><br>**ORDER SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On August 1, 2008, Plaintiff, an inmate currently incarcerated at the California Correctional Institution located in Tehachapi, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on August 7, 2008 [Doc. No. 4].

On November 25, 2008, this matter was reassigned to District Judge M. James Lorenz for all further proceedings [Doc. No. 10]. This Court conducted the required sua sponte screening and found that Plaintiff had failed to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See* Dec. 30, 2008 Order at 5. Plaintiff was permitted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* On February 19, 2009, Plaintiff filed his First Amended Complaint ("FAC").

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

1  "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

In his First Amended Complaint, Plaintiff alleges that he was originally sentenced to the segregated housing unit or "SHU" for a six year term due to findings that Plaintiff had prison gang affiliations on April 2, 2004. (*See* FAC at 7.) Plaintiff alleges that he was due for a "status review" in 2007 but has been told by prison officials that his status and classification would not be reviewed until 2009. (*Id.* at 9-10.) Plaintiff believes this to be in error and he alleges that he will not be deemed appropriate for parole at his hearing in 2009 due to the policy of the Board of Prison Hearings to deny parole to any inmates validated as prison gang members. (*Id.* at 10.)

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant

1  hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted);
2  *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

3  In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution
4  because he has not alleged, as he must under *Sandin*, facts related to the conditions or
5  consequences of his disciplinary hearings which show "the type of atypical, significant
6  deprivation [that] might conceivably create a liberty interest." *Id.* at 486. For example, in
7  *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff
8  possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus
9  discretionary nature of the segregation; (2) the restricted conditions of the prisoner's
10 confinement and whether they amounted to a "major disruption in his environment" when
11 compared to those shared by prisoners in the general population; and (3) the possibility of
12 whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

13 Therefore, to establish a due process violation, Plaintiff must first show the deprivation
14 imposed an atypical and significant hardship on him in relation to the ordinary incidents of
15 prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the
16 Court could find there were atypical and significant hardships imposed upon him as a result of
17 the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions"
18 of his confinement that would give rise to a liberty interest before he can claim a violation of due
19 process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*
20 *by* 135 F.3d 1318 (9th Cir. 1998). Plaintiff argues that at some future date, when he appears in
21 front of the Board of Prison Hearings to determine whether he is eligible for parole, parole will
22 be denied. (*See* FAC at 10.) This allegation is only speculation what may happen in the future.
23 Moreover, Plaintiff admits that his sentence is fifteen years to life, there are no allegations that
24 this sentence has been lengthened due to any decision made by Defendants.

25 Thus, the Court finds that Plaintiff has failed to allege a liberty interest, and thus, has
26 failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*,
27 515 U.S. at 486.
28 / / /

1    However, even if Plaintiff were able to allege facts sufficient to show that he had a liberty interest in remaining free from validation as a gang member, his due process claims could remain subject to sua sponte dismissal.  Based on a liberal reading of Plaintiff's First Amended Complaint, it appears as though Plaintiff has based his due process claims on the allegations that Defendants failed to provide him with due process required by *Wolff v. McDonnell*, 418 U.S. 539, 563-70 (1974).[1]   However, the Ninth Circuit has held that *Wolff's* protections are inapplicable to gang validation proceedings because they are not disciplinary convictions, but instead are related to prison security.  *See Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). Specifically, the Ninth Circuit found that a due process claim based on prison officials' validation of an inmate as a member of a prison gang was subject only to the "some evidence" standard of *Superintendent v. Hill*, 472 U.S. 445, 455 (1985), noting that "California's policy of assigning suspected gang affiliates to the SHU is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates." *Id.* at 1287 (citing *Munoz v. Rowland*, 104 F.3d 1096, 1098 (9th Cir. 1997)).

Finally, to the extent Plaintiff challenges the procedural adequacy of CDCR inmate grievance procedures, his First Amended Complaint fails to state a due process claim.   This is because the Ninth Circuit has held that prisoners have no protected *property* interest in an inmate grievance procedure arising directly from the Due Process Clause.   *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (finding that the due process clause of the Fourteenth Amendment creates "no legitimate claim of entitlement to a [prison] grievance procedure"); *accord Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (1995);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)

Therefore, the Court dismisses Plaintiff's Fourteenth Amendment due process claims on the grounds that he has failed to state a claim upon which relief can be granted.

/ / / /

---

[1] Under *Wolff*, prisoners *facing a disciplinary hearing* are entitled to: (1) written notice of the charges at least 24 hours in advance of the hearing; (2) a written statement indicating upon what evidence the fact finders relied and the reasons for the disciplinary action; (3) the opportunity to call witnesses and present documentary evidence when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) an impartial fact finder.  418 U.S. at 564-71 (citations omitted).

1   Accordingly, Plaintiff's First Amended Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's First Amended Complaint [Doc. No. 11] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). However, Plaintiff is **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: February 26, 2009

M. James Lorenz
United States District Court Judge