UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SERGIO ALEJANDRO GAMEZ,**<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>**F. GONZALEZ, et al.,**<br><br>　　　　　　　　　　　　　Defendants. | Case No. 08cv1113 MJL (PCL)<br><br>**CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>**(Fed. R. Civ. P. 16)**<br>**(Fed. R. Civ. P. 26)** |

　　　　Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference was held on January 21, 2010.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

　　　　**IT IS HEREBY ORDERED**:

　　　　1.　　Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before February 22, 2010.

　　　　2.　　On or before April 19, 2010, all parties shall exchange with all other parties a list of all expert witnesses expected to be called at trial.  The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify.  The list shall also include the normal rates the expert charges for deposition and trial testimony.  On or before May 3, 2010, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

1. Each expert witness designated by a party shall prepare a written report to be provided to all other parties no later than <u>June 21, 2010</u>, containing the information required by Fed. R. Civ. P. 26(a)(2)(A) and (B).

**Except as provided in paragraph 4, below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P. 37(c).**

2. Any party, through any expert designated, shall in accordance with Fed. R. Civ. P. 26(a)(2)(C) and Fed. R. Civ. P. 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports are due on or before <u>July 6, 2010</u>.

3. **Procedures for Obtaining Internal Law Enforcement Documents**: The parties may determine that discovery of internal law enforcement documents is necessary. This Court adheres to the procedure set forth in <u>Hampton v. City of San Diego</u>, 147 F.R.D. 227 (S.D. Cal. 1993), for obtainment of such records.

If an issue arises with respect to discovery of such records, Plaintiff is required to provide defense counsel with a letter outlining the documents desired from the law enforcement agency. While Plaintiff has a right to review documents from the law enforcement agency which are relevant and are reasonably calculated to lead to the discovery of admissible evidence, Plaintiff's right to those documents is not infinite. Limitations are imposed on discovery of these records based upon the nature of the complaint and the nature of the documents. The letter from Plaintiff and the response from the law enforcement agency should define the documents requested and basis for discovery and assertion of privilege for each item.

If an agreement cannot be reached between the parties as to discoverable items, the parties are directed to schedule a meeting with Magistrate Judge Lewis to resolve disagreements. The parties are instructed to send to Magistrate Judge Lewis a copy of all correspondence related to the foregoing. All files/documents of the law enforcement agency related to the

officer/deputy must be identified (regardless of any claimed protection or privilege) such that Plaintiff can reasonably identify and challenge the withholding of any documents. To facilitate review, the law enforcement agency is directed to prepare an index of documents (without disclosing the substance of the document) and, in addition, number each document in a way that would lend itself to later identification. The law enforcement agency is also directed to set forth any objection related to production of any particular document.

The law enforcement agency must then identify any documents it is willing to disclose to Plaintiff without objection and deliver any such documents to Plaintiff forthwith. As to the files/documents to which an objection to production has been asserted, upon Order from the Court, all such files/documents are to be delivered to the Court for *in camera* review. After receipt, Magistrate Judge Lewis will review only those documents the law enforcement agency indicates should not be disclosed and will issue an Order to all parties regarding disclosure.

The Court preliminarily determines Plaintiff is entitled to all "factual" documents relevant to the issues defined within the pleadings and limited only as described herein. The Court will not order the production of any "interpretive/evaluative" documents or any such entries contained on documents.

The Court recognizes there may be other agency files Plaintiff may wish to obtain that are not directly related to the officer/deputy in question but which provide potential evidence regarding the policies and conduct of the law enforcement agency. As to those files or documents, a "meet and confer" is appropriate to discuss an agreeable format. Please contact Magistrate Judge Lewis' Law Clerk if you desire such a meeting.

4. **All discovery, including expert discovery, shall be completed on or before <u>August 20, 2010</u>.**

"Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following

the date upon which the event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

5. All motions, other than motions to amend or join parties, or motions in limine, SHALL BE FILED on or before September 24, 2010.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion.  Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.  Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks.  Please plan accordingly.  For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion.  Failure of counsel to timely request a motion date may result in the motion not being heard.  Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk.

6. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion.  No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7. A **Mandatory Settlement Conference** shall be conducted on **May 25, 2010**, **at 10:00 a.m.** the chambers of Magistrate Judge Peter C. Lewis.  Defense counsel is responsible for arranging Plaintiff's telephonic appearance. Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers no later than May 18, 2010.

SETTLEMENT CONFERENCE BRIEFS: Parties may lodge a confidential settlement brief prior to the Mandatory Settlement Conference.  Settlement briefs should not exceed ten (10) pages in length, double spaced, exclusive of exhibits, if any. Copies of all documents that might enhance the productivity of negotiations (e.g., contracts, key correspondence or memos, reports of experts, photos, medical bills, wage loss statements, selected pages from deposition transcripts or responses to other discovery) should be attached as exhibits to the settlement briefs with significant portions highlighted for easy reference. Parties may also attach as exhibits

helpful judicial opinions and information about the settlement or judgment value of comparable cases. In addition, each brief shall set forth the following confidential information:

(1) A brief analysis of the key issues involved in the litigation;
(2) A description of the strongest and weakest legal and factual points in the party's case;
(3) A description of the strongest and weakest legal and factual points in the opponent's case;
(4) The status of any settlement negotiations, including the last settlement proposal made by each party; and
(5) The settlement proposal that the party is willing to make in order to conclude the matter and spare the further expense of litigation.

Parties should mail, electronically mail [efile_lewis@casd.uscourts.gov], or fax the settlement briefs directly to chambers at (760) 353-9143. **Settlement briefs are confidential and shall not be served on opposing parties nor shall they be filed with the Clerk of the Court**.

8. Pursuant to E. D. Civil Rule 16-270 (f)(1), all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on ex parte application at least one day before the scheduled settlement conference, Magistrate Judge Lewis may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

9. In order to identify the claims to be tried and eliminate delay and surprise at trial,

---

1. "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

the Court enters the following pretrial order pursuant to Fed.R.Civ.P. 16.  This order replaces the requirements under the Local Rules.  No Memoranda of Law or Contentions of Fact are to be filed except in a bench trial.

      10.     All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed.R.Civ.P. 26(a)(3) on or before <u>November 8, 2010</u>.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed.R.Civ.P. 37.

      11.     Pursuant to E. D. Civil Rule 16-281, on or before <u>November 15, 2010</u> the parties shall  meet and confer and prepare a proposed pretrial order containing the following:

    a.     A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    b.     A list of the causes of action to be tried, referenced to the Complaint and Counterclaim.  For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses.  A cause of action in the Complaint or Counterclaim which is not listed shall be dismissed with prejudice.

    c(1).     A list of each witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    c(2).     A list of each expert witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

    c(3).     A list of additional witnesses including experts that counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    d(1).     A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

    d(2).     A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    e.     A statement of all facts to which the parties stipulate.  This statement shall be on a separate page and will be read to and provided to the jury.  The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

    f.     A list of all deposition transcripts by page and line, or video tape depositions by section, that will be offered at trial.  The proponent of the deposition shall prepare a copy of all portions to be read or played to the jury.

    g.     The parties shall prepare proposed jury instructions (if trial by jury) on the substantive claims, damages and defenses.  One set of proposed instructions shall be given to the court.  If the parties disagree on an instruction, the alternative instructions shall be submitted.

    h.     The parties shall prepare a proposed jury verdict form.

    The Court encourages the parties to consult with the assigned magistrate judge to work

1 out any problems in preparation of the proposed pretrial order.  The Court will entertain any
2 questions concerning the conduct of the trial at the pretrial conference.
3      12.    The proposed final pretrial conference order, including objections they have to
4 any
5 other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged
6 with the Clerk of the Court on or before November 22, 2010, and shall be in the form prescribed
7 in and in compliance with E. D. Civil Rule 16-281.  Counsel shall also bring a court copy of the
8 pretrial order to the pretrial conference.
9      13.    The final pretrial conference shall be held before the Honorable M. James Lorenz,
10 United States District Court Judge, on **November 29, 2010**, **at 11:00 a.m.**
11      14.    The dates and times set forth herein will not be further modified except for good
12 cause shown.
13      15.  Defense counsel shall serve a copy of this Order on all parties that enter this case
14 hereafter.
15 **IT IS SO ORDERED.**
16 DATE: January 22, 2010

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

20 cc:    The Honorable M. James Lorenz
        All Parties and Counsel of Record