UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>F. GONZALEZ, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 08cv1113 MJL (PCL)<br><br>**SECOND AMENDED CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS**<br><br>**(Fed. R. Civ. P. 26)** |

A Telephonic Status Conference was held on September 21, 2010. After consulting with the attorney of record for the parties and being advised of the status of the case, and good cause appearing,

**IT IS HEREBY ORDERED**:

1. **All discovery, including expert discovery, shall be completed on or before November 12, 2010.**

"Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a).

2. All motions, other than motions to amend or join parties, or motions in limine, SHALL BE FILED on or before December 10, 2010.

Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court. Be further advised that the period of time between the date you request a motion date and the hearing date may be up to six weeks. Please plan accordingly. For example, you may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions will not be heard on the above date unless you have obtained that date in advance from the judge's law clerk.

3. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

4. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed.R.Civ.P. 16. This order replaces the requirements under the Local Rules. No Memoranda of Law or Contentions of Fact are to be filed except in a bench trial.

5. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed.R.Civ.P. 26(a)(3) on or before February 7, 2011. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed.R.Civ.P. 37.

6. Pursuant to E. D. Civil Rule 16-281, on or before February 14, 2011 the parties shall meet and confer and prepare a proposed pretrial order containing the following:

    a. A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.
    b. A list of the causes of action to be tried, referenced to the Complaint and Counterclaim. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the

        Complaint or Counterclaim which is not listed shall be dismissed with prejudice.

c(1). A list of each witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

c(2). A list of each expert witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

c(3). A list of additional witnesses including experts that counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

e. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury. The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

f. A list of all deposition transcripts by page and line, or video tape depositions by section, that will be offered at trial. The proponent of the deposition shall prepare a copy of all portions to be read or played to the jury.

g. The parties shall prepare proposed jury instructions (if trial by jury) on the substantive claims, damages and defenses. One set of proposed instructions shall be given to the court. If the parties disagree on an instruction, the alternative instructions shall be submitted.

h. The parties shall prepare a proposed jury verdict form.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

7. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before <u>February 21, 2011</u>, and shall be in the form prescribed in and in compliance with E. D. Civil Rule 16-281. Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

8. The final pretrial conference shall be held before the Honorable M. James Lorenz, United States District Court Judge, on **February 28, 2011**, **at 11:00 a.m.**

9. The dates and times set forth herein will not be further modified except for good cause shown.

10. Defense counsel shall serve a copy of this Order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATE: October 13, 2010

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc: The Honorable M. James Lorenz
All Parties and Counsel of Record