UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SERGIO A. GAMEZ,**<br><br>                              Plaintiff,<br><br>    v.<br><br>**F. GONZALEZ, et al.,**<br><br>                              Defendants. | Case No. 08cv1113 MJL (PCL)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Doc. No. 47)** |

### INTRODUCTION

Plaintiff Sergio A. Gamez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 on August 1, 2008. (Doc. No. 1.) On July 21, 2010, Plaintiff filed a motion for appointment of counsel. (Doc. No. 40.) A Motion Hearing was held before this Court on August 11, 2010 and thereafter, on August 18, 2010, this Court issued an Order denying Plaintiff's Motion. (Doc. No. 46). However, on August 23, 2010,[1] Plaintiff filed a second Motion for Appointment of Counsel on identical grounds as his first Motion.[2] (Doc. No. 47). For the reasons set forth below, Plaintiff's second Motion for Appointment of Counsel is **DENIED**.

---

1. Although Plaintiff's Motion bears a signature date of July 15, 2010, the Court notes Plaintiff has included several letters as exhibits to this Motion bearing dates of July 30, 2010 and August 15, 2010, among others. Therefore, it appears that Plaintiff filed the operative Motion for Appointment of Counsel shortly after the denial of his first Motion for Appointment of Counsel on August 18, 2010, notwithstanding the date attached to his signature on the Motion.

2. Although Plaintiff characterizes this Motion as "Request for Appointment of Voluntary Assistance of Counsel," the motion remains a Motion for Appointment of Counsel and will be analyzed under the standards applicable to such a Motion.

**DISCUSSION**

There is no absolute right to appointed counsel in civil proceedings. <u>Hedges v. Resolution Trust Corp. (In re Hedges)</u>, 32 F.3d 1360, 1363 (9th Cir. 1994) (citation omitted). Thus, federal courts do not have the authority "to make coercive appointments of counsel." <u>Mallard v. United States District Court for Southern District of Iowa</u>, 490 U.S. 296, 310 (1989); <u>see</u> also <u>United States v. $ 292,888.04 in U.S. Currency</u>, 54 F.3d 564, 569 (9th Cir. 1995). Districts courts have discretion, however, pursuant to 28 U.S.C. § 1915(e)(1), to "request" that an attorney represent indigent civil litigants upon a showing of exceptional circumstances. See <u>Mallard</u>, 490 U.S. at 300-301 (U.S. 1989); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Burns v. County of King</u>, 883 F.2d 819, 823 (9th Cir. 1989). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. 'Neither of these issues is dispositive and both must be viewed together before reaching a decision.'" <u>Id.</u> (quoting <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986)).

In support of his second motion for appointment of counsel, Plaintiff asserts the following: (1) he is unable to afford an attorney; and (2) Defendants refuse to disclose any confidential reports to Plaintiff under the claim that it would impair security interests of the CDCR.  (Doc. No. 47, Mot. at 2.)  As to Plaintiff's first ground for appointment of counsel, the Court accepts that Plaintiff, who is proceeding *in forma pauperis*, is unable to afford an attorney. However, Plaintiff's ability to afford counsel is a threshold question. In order to be eligible for a judicial request for counsel under 28 U.S.C. § 1915(e)(1), a plaintiff must demonstrate both indigence and the existence of exceptional circumstances.  See <u>Terrell</u>, 935 F.2d at 1017.  In this case, Plaintiff has failed to show the latter.

With regard to the Plaintiff's second ground for requesting an appointment of counsel, Plaintiff argues that counsel is necessary because Defendants refuse to provide him with the discovery he has requested.  When determining whether to appoint counsel on behalf of an indigent plaintiff, the relevant consideration is not one of convenience. See <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 729 (9th Cir. 1986) ("the additional assistance provided by attorneys,

while significant, is not compelling") (italics omitted). Rather, the court must determine whether exceptional circumstances exist so as to necessitate an appointment of counsel. Although Plaintiff has made a *prima facie* showing of possible success on the merits, this factor alone is not dispositive of whether the Court should appoint counsel for Plaintiff. See Terrell, 935 F.2d at 1017. The Court must also consider whether Plaintiff has the ability "to articulate his claims pro se in light of the complexity of the legal issues involved." Id. Plaintiff has demonstrated that he has the ability to set forth the factual and legal bases for his claims in a straightforward and intelligent manner with sufficient clarity to allow them to be addressed on their merits.[3/] Plaintiff's legal claims, and the factual basis for those claims in this case, are not so complex as to require the appointment of counsel. See Hedges, 32 F.3d at 1363. Accordingly, the Court finds no "exceptional circumstances" to warrant a judicial request for counsel pursuant to 28 U.S.C. § 1915(e)(1).[4/]

---

3. The Court notes Plaintiff has adequately litigated his claims before this court despite his continued imprisonment. In addition to filing a Complaint, Plaintiff has also filed First and Second Amended Complaints (Doc. Nos. 11; 13) after his first Complaint was dismissed for failure to state a claim, a Motion for Default Judgment (Doc. No. 18), four Motion / Requests for Hearing Date (Doc. Nos. 24; 27; 35; 55), Motion for Appointment of Expert Witness (Doc. No. 26), a Request for Protective Order (Doc. No. 37), three Motions to Compel Discovery (Doc. Nos. 39; 41; 50), and two Motions to Appoint Counsel (Doc. Nos. 40; 47). Plaintiff also continues to litigate his case by appearing at all Case Management and Status Conferences via telephone and submitting a confidential settlement brief to the Court. (See Doc. No. 29.) Despite his incarceration in the segregated housing unit, Plaintiff has demonstrated his ability to adequately and articulately litigate his claims without the assistance of counsel. See La Mere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987).

4. The Court acknowledges Plaintiff's citations to Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1990) and Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990) in support of his argument for court-appointed counsel. However, they do not lend support for Plaintiff's request. First, the Court held in Terrell that the trial court did not abuse its discretion by refusing to appoint counsel for Terrell because Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. (Terrell, 935 F.2d at 1017.) The facts he alleged and the issues he raised were not of substantial complexity. (Id.) Similarly, in Wood v. Housewright, the Court held that the trial court did not abuse its discretion by failing to appoint counsel for Wood. (Wood, 900 F.2d at 1335.) The Court found that counsel should only be appointed in exceptional circumstances, based on such factors as the likelihood of success on the merits and the ability of the plaintiff to articulate his claims in light of their complexity. (Id.) In that case, the instances that Wood claimed indicated the presence of these factors were difficulties which any litigant would have in proceeding pro se and did not indicate exceptional factors. (Id. at 1335-36.)

**CONCLUSION**

Based upon the foregoing, the Court finds Plaintiff has failed to demonstrate that exceptional circumstances exist so as to justify a judicial request for counsel pursuant to 28 U.S.C. § 1915(e)(1). Accordingly, Plaintiff's Motion for Appointment of Counsel is hereby **DENIED.**

DATED: February 4, 2011

U.S. Magistrate Judge
United States District Court

cc:    The Honorable M. James Lorenz
       All Parties and Counsel of Record