UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>　　　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>F. GONZALEZ, et al.,<br><br>　　　　　　　　　　　　　　　Defendants. | Case No. 08cv1113 MJL (PCL)<br><br>**THIRD AMENDED CASE MANAGEMENT CONFERENCE ORDER; and**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR HEARING DATE (Doc. No. 55)**<br><br>**(Fed. R. Civ. P. 26)** |

**THIRD AMENDED CASE MANAGEMENT CONFERENCE ORDER**

After consulting with the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed.R.Civ.P. 16. This order replaces the requirements under the Local Rules. No Memoranda of Law or Contentions of Fact are to be filed except in a bench trial.

2. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed.R.Civ.P. 26(a)(3) on or before <u>April 4, 2011</u>. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed.R.Civ.P. 37. Additionally, parties who have already complied with Fed.R.Civ.P. 26(a)(3) may defer to disclosures already provided for compliance with this requirement.

3. Pursuant to E. D. Civil Rule 16-281, on or before <u>April 11, 2011</u> the parties shall meet and confer and prepare a proposed pretrial order containing the following:

    a. A statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

    b. A list of the causes of action to be tried, referenced to the Complaint and Counterclaim. For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses. A cause of action in the Complaint or Counterclaim which is not listed shall be dismissed with prejudice.

    c(1). A list of each witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    c(2). A list of each expert witness that counsel actually expects to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

    c(3). A list of additional witnesses including experts that counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

    d(1). A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

    d(2). A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

    e. A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury. The parties are directed to meet with the assigned magistrate judge to work out as many stipulations of fact as possible.

    f. A list of all deposition transcripts by page and line, or video tape depositions by section, that will be offered at trial. The proponent of the deposition shall prepare a copy of all portions to be read or played to the jury.

    g. The parties shall prepare proposed jury instructions (if trial by jury) on the substantive claims, damages and defenses. One set of proposed instructions shall be given to the court. If the parties disagree on an instruction, the alternative instructions shall be submitted.

    h. The parties shall prepare a proposed jury verdict form.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order. The Court will entertain any questions concerning the conduct of the trial at the pretrial conference.

4. The proposed final pretrial conference order, including objections they have to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before <u>April 18, 2011</u>, and shall be in the form prescribed in and in compliance with E. D. Civil Rule 16-281. Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

5. The final pretrial conference shall be held before the Honorable M. James Lorenz, United States District Court Judge, on **April 25, 2011**, **at 11:00 a.m.**

6. The dates and times set forth herein will not be further modified except for good cause shown.

7. Defense counsel shall serve a copy of this Order on all parties that enter this case hereafter.

### ORDER DENYING PLAINTIFF'S MOTION FOR HEARING DATE(S)

The Court is in receipt of Plaintiff's Motion for Hearing Date(s).  (Doc. No. 55.)  It appears Plaintiff is requesting hearing dates for two motions: (1) motion for Order directing defendants and their attorney to provide forwarding address; and (2) motion for Order directing defendants to allow Plaintiff to make copies in excess of one hundred (100) pages.  (Id.)

At this time, the Court notes all Defendants are represented by the same attorney: Mr. Michael A. Terhorst of Beeson Terhorst, LLP.  Therefore, if Plaintiff wishes to contact any named Defendant in this action by U.S. Mail, he is free to do so by directing the correspondence to Defendants' attorney of record.  Moreover, the Court also notes the pending Motion to Compel Discovery is fully briefed at this time, discovery is now closed and no further motions are pending.  Thus, it would appear there is no need for Plaintiff to copy any document in excess of 100 pages.  Plaintiff's proposed Motions appear to be moot at this time and Plaintiff's Motion for Hearing Date(s) is DENIED.

IT IS SO ORDERED.

DATE: February 24, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:     The Honorable M. James Lorenz
        All Parties and Counsel of Record