UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SERGIO ALEJANDRO GÁMEZ,**<br><br>                                           Plaintiff,<br><br>         v.<br><br>**F. GONZALEZ, et al.,**<br><br>                                           Defendants. | Case No. 08cv1113 MJL (PCL)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY**<br><br>**(Doc. No. 50)** |

**I.**

**INTRODUCTION**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Cal. L.R. 302.  Presently pending is Plaintiff's Third Motion to Compel Discovery.  For the reasons set forth below, Plaintiff's Third Motion to Compel Discovery is DENIED in part, GRANTED in part.

**II.**

**BACKGROUND**

This action proceeds on Plaintiff's Second Amended Complaint, filed April 1, 2009, against Defendants F. Gonzales (Warden at California Correctional Institution (CCI)), S. Wright, (Captain at Sacramento California), N. Grannis (Chief of Inmate Appeals at Sacramento California), K. Berkler (Senior Special Agent at Sacramento California), K. S. Allen (Appeals Examiner at Sancramento California), M. Carrasco (Associate Warden at CCI), J. Gentry

(Lieutenant at CCI) and K. Sampson (Appeals Coordinator at CCI).[1] The Complaint (Doc. No. 13) alleges that Defendants erroneously validated Plaintiff as a gang member while incarcerated at High Desert State Prison, resulting in his placement in the security housing unit (SHU) and continued following his transfer to California Correctional Institution, where Plaintiff remains incarcerated. Plaintiff contends that Defendants violated his due process rights because they allegedly relied on unreliable confidential information from staff or other inmates. (Doc. No. 13 at 14-19.)[2]

During the course of discovery, on August 18, 2010, after several hearings on the issue of production of documents, the Court issued an Order requiring Defendants to produce the following documents for *in camera* review:

> (1) All documents reviewed in conjunction with every Gang Validation Review of Plaintiff from 2004 to the present date including, but not limited to: CDC 128-B Reports, Confidential Debriefing Reports, and Confidential Interview Reports;
> (2) California Code of Regulations, Title 15, Sections 3000-3002, 3023, 3130, 3133, 3084, 3269, 3310, 3312-3313, 3315-3316, 3320-3321, 3341, 3375, 3376, 3378-3379, 3382, and 3402 corresponding to the year of Plaintiff's last Gang Validation Review;
> (3) Department Operations Manual, Chapter 5, Article 22, Section 52070 corresponding to the year of Plaintiff's last Gang Validation Review;
> (4) Relevant section(s) from the current California Department of Corrections' Classification Manual "that details the criteria for allowing a gang member or associate to be housed in the general population;" and
> (5) Any administrative bulletin, memorandum or notice issued to California Department of Corrections staff regarding <u>Castillo v. Terhune, et al.</u>, USDC N.D. Case No. C94-2847 MJJ;

(Doc. No. 46 at 1-2.) On September 10, 2010, Defendants produced a Privilege Log and numerous documents for the Court's review. Thereafter, on September 21, 2010, the parties appeared for a telephonic Status Conference before this Court. (<u>See</u> Doc. No. 51.) On that date, the parties were unable to settle the matter and Plaintiff was given until September 30, 2010 to

---

1. Defendants' titles and positions are restated as they appear in the Complaint. (<u>See</u> Doc. No. 13.) They may no longer be current.

2. Plaintiff also alleges that his gang validation and SHU placement have caused him to be repeatedly denied parole. Plaintiff's contention that he has been unfairly denied parole based on invalid gang classification may be actionable in a separate action for a writ of habeas corpus; however, denial of parole is not actionable in a civil rights suit pursuant to 42 U.S.C. § 1983.

file his intended Motion to Compel Discovery.  On September 29, 2010, Plaintiff filed a Motion to Compel Discovery in compliance with the Court's verbal Order of September 21, 2010. (Doc. No. 50.)[3] Plaintiff's current Motion before the Court seeks to compel the following documents:

    (a)    Redacted C[onfidential] M[emorandum]s of 1-17-2002; 12-12-2001; 10-26-2001; 5-22-1997 exposing only portions which reflect "what year and where the alleged prison gang activity took place.";
    (b)    in relation to C[onfidential] M[emorandum] of 4-7-2009...that it be provided complete – redacting the name of the informant;
    (c)    ...the relevant section(s) from the current California Department of Corrections Classification Manual "that details the criteria for allowing a gang member or associate to be housed in the general population.

(Doc. No. 50 at 9.)  In response, Defendants

> produced a Privilege Log with documents used to 'validate' inmate Gamez as an associate gang member in both redacted and un-redacted form for the Court's in-camera review.  Additionally, Inmate Gamez was provided CDCR regulations and various sections of the CCR and he had requested by the litigation coordinator.

(Doc. No. 53 at 2.)

### III.

### ANALYSIS

Plaintiff contends that he requires the documents mentioned above in order to determine the information used to validate him as a gang member in prison and the reason for his continued housing in the SHU.  Plaintiff claims he has been wrongly identified as a gang member and the information relied upon by CDCR is nonexistent or unreliable.  In support of his request for production of these memorandums, Plaintiff argues that any truly confidential information can be redacted to protect inmate and institutional security.

To the extent Plaintiff requests any documents dated prior to 2004, the Court has already decided that issue.  In its previous Order, the Court ordered production of "[a]ll documents

---

3. Although the Motion to Compel was received by the Clerk of the Court on October 11, 2010, this Court determines that the Motion was timely filed pursuant to the Court's Order because the date of September 29, 2010 appears on the Proof of Service.  See Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir. 2000) (applying Houston v. Lack, 487 U.S. 266, 276 (1988) (in which the Supreme Court held that a notice of appeal by a *pro se* prisoner is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court).

reviewed in conjunction with every Gang Validation Review of Plaintiff from 2004 to the present date including, but not limited to: CDC 128-B Reports, Confidential Debriefing Reports, and Confidential Interview Reports." (Doc. No. 46 at 1.) Therefore, Plaintiff's motion to compel any documents dated prior to 2004 is DENIED.

Next, the Court determines that Plaintiff's requests for California Code of Regulations sections and Department Operations Manual sections have already been addressed. Defendants contend "[t]hose CCR sections and year(s) that were still available and located by the Litigation Coordinator were produced to Inmate Gamez." (Doc. No. 53 at 4.) Defendants also state that "[t]hose sections and year(s) of the 'DOM' that the Litigation Coordinator could find were produced to Inmate Gamez." (Id.) Therefore, to the extent Plaintiff requests document that are no longer available to Defendants, the request is DENIED. Because it appears Defendants have no responsive documents in their possession, custody, and control, their response complied with Federal Rule of Civil Procedure 34(a) and thus they cannot be compelled to produce anything further.

Plaintiff also requests "the relevant section(s) from the current California Department of Corrections Classification Manual 'that details the criteria for allowing a gang member or associate to be housed in the general population.'" (Doc. No. 50 at 9.) Defendants have not produced these documents for *in camera* review but argue:

> These documents also contain information which bears on the institutional security of the prison correctional facility, and disclosure of this information could compromise the security of the facility. ... Release of these records would jeopardize the lives of individuals involved in the 'validation process' and destroy the integrity of CDCR process to identify and control gang members and their associates as well as the CDCR's efforts to stem the flow of contraband and other criminal activity associated with the Mexican Mafia.

(Doc. No. 53 at 9.)

"California's policy of assigning suspected gang affiliates to the SHU is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates. Although there are some minimal legal limitations, the assignment of inmates within the California prisons is essentially a matter of administrative discretion." Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997) (citations omitted). Thus, while there exists a

liberty interest in freedom from indefinite administrative segregation in California prisons, due process requires only a "quantum of process" that includes an "informal, nonadversary evidentiary review" at the outset. See, e.g., Ashker v. Schwarzenegger, 2009 U.S. Dist. LEXIS 25092, 2009 WL 801557 (N.D. Cal. 2009), at *13, citing Toussaint v. McCarthy, 801 F.2d 1080 (9th Cir. 1986), cert. denied, McCarthy v. Toussaint, 481 U.S. 1069 (1987). The classification determining administrative segregation must also be subject to periodic review. Toussaint, 801 F.2d at 1100-01, citing, *inter alia*, Hewitt v. Helms, 459 U.S. 460 (1983). Therefore, not all information relied upon to make the decision to administratively segregate a prisoner need be disclosed to the prisoner.  State regulations expressly authorize prison officials to withhold as "confidential" any information that would jeopardize the security of the institution or endanger the safety of any person therein. Cal. Code. Regs., tit. 15, § 3321(a)(1), (2).  Therefore, Plaintiff's request for production of sections from the CDCR's Classification Manual is DENIED.

Lastly, Plaintiff requests the Confidential Memorandum of April 7, 2009, in its entirety, redacting only the name of the informant.  (Doc. No. 50 at 9.)  According to the documents submitted to the Court, the Condifential Memorandum Plaintiff seeks is a debriefing report of another inmate.  Generally, an inmate may not have access to confidential information contained in his own case file. Cal. Code. Regs., tit. 15, at § 3370(d) ("No inmate or parolee shall access information designated confidential pursuant to section 3321 which is in or from their own case records file.") Nor may an inmate have access to the case records of other inmates. Id., § 3370(b) ("Except by means of a valid authorization, subpoena, or court order, no inmate or parolee shall have access to another's case records file, unit health records, or component thereof.")

However, confidential information may be relied upon to validate an inmate as a gang member only if such information "meets the test of reliability." Id., § 3378(c)(2), citing § 3321.[4]

---

4. See Cal. Code. Regs., tit. 15, § 3321(b)(1) ("No decision shall be based upon information from a confidential source, unless other documentation corroborates information from the source, or unless the circumstances surrounding the event and the documented reliability of the source

Such confidential information must be disclosed in limited fashion to the affected inmate pursuant to a completed CDC Form 1030. Id., § 3378(c)(6)(C) ("All source items referenced in the validation . . . shall be disclosed to the inmate at the time of notification. The inmate shall be given copies of all non-confidential documents unless otherwise requested in writing by the inmate. Confidential information used in the validation or inactive status review shall be disclosed to the inmate via a CDC Form 1030 (Rev. 12/86), Confidential Information Disclosure Form.").) Such disclosure includes the following details: "The documentation given to the inmate shall include: (A) The fact that the information came from a confidential source [and] (B) As much of the information as can be disclosed without identifying its source including an evaluation of the source's reliability; a brief statement of the reason for the conclusion reached; and, a statement of reason why the information or source is not disclosed." Id., § 3321(b)(3)(A), (B).

These regulations therefore require that Defendants disclose to plaintiff, in response to his request, a CDC Form 1030 - Confidential Information Disclosure Form for each confidential source item used against him.  No such form was produced to the Court for *in camera* review.[5]  As such, Defendants are granted 30 days from the date of this Order to provide a CDC Form 1030 to Plaintiff in connection to SSU Gang Validation/Rejection Review (CDC 128 B-2) of March 15, 2010.

However, Plaintiff does not have a right to the actual debriefing reports of any other inmate. Debriefing reports are confidential memorandums. Contained within a debriefing report

---

satisfies the decision maker(s) that the information is true."); and § 3321(c) ("A confidential source's reliability may be established by one or more of the following criteria: (1) The confidential source has previously provided information which proved to be true. (2) Other confidential source have independently provided the same information. (3) The information provided by the confidential source is self-incriminating. (4) Part of the information provided is corroborated through investigation or by information provided by non-confidential sources. (5) The confidential source is the victim.")

5. The documents submitted to the Court show a Form 1030 was provided to Plaintiff following his classification of October 15, 2003.  However, no other CDC 1030 Forms were provided to the Court.

is information regarding the inmate's gang activity and active gang affiliates. Debriefing reports are kept in the confidential section of the prison central files of those inmates who have debriefed. If another inmate were to learn the name and CDC number of an informant, it would place the informant's safety in danger. Thus, disclosure of debriefing reports to Plaintiff would create a hazard to the safety and security of the institution. Also, because debriefing reports are stored in the inmate's central file, disclosure of this information to Plaintiff would violate other inmates' privacy. Accordingly, Defendants will not be compelled to produce any confidential memorandums consisting of debriefing reports of other inmates.

## IV.
## CONCLUSION

For the reasons stated above:

Plaintiff's Motion to Compel production of any CDCR documents prior to 2004 is **DENIED**;

Plaintiff's Motion to Compel production of sections of the current California Department of Corrections Classification Manual is **DENIED**;

Plaintiff's Motion to Compel production of the Confidential Memorandum dated April 7, 2009 is **DENIED in part**; however,

Defendants are granted 30 days from the date of this Order to provide a CDC Form 1030 - Confidential Information Disclosure Form to Plaintiff in connection to SSU Gang Validation/ Rejection Review (CDC 128 B-2) of March 15, 2010.

**IT IS SO ORDERED.**

DATE: March 24, 2011

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

cc:   The Honorable M. James Lorenz
      All Parties and Counsel of Record