UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ, CDCR #C-47759, <br><br> Plaintiff, <br><br> v. <br><br> F. GONZALES *et al.*, <br><br> Defendants. | Civil No. 08cv1113-L(PCL) <br><br> **ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' EX PARTE MOTION FOR ORDER TO FILE CONFIDENTIAL DOCUMENTS UNDER SEAL** |

On May 23, 2011 Defendants in this civil rights action by a state prisoner proceeding *pro se*, filed an Ex Parte Motion for Order to File Confidential Documents Under Seal, seeking to seal in excess of 200 pages of exhibits and Declaration of Josh Tyree in Support of Defendants' Motion for Summary Judgment and for Defendants' Motion for Order to File Confidential Documents Under Seal for in Camera Review as well as in excess of 200 pages of exhibits.  One of the issues in this case is whether Defendants had sufficient reliable evidence to validate Plaintiff as associated with a gang and continue to keep him in segregation for more than six years.  Defendants argue that their motion should be granted in order to protect the identity of confidential informants.  While Defendants' premise is valid in that "[d]ue process does not require that an informant's identity be revealed to an inmate," *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987), and the information about the informants' identity could be used for the

1  improper purpose or harming them, *see Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 n.6
2  (9th Cir. 2010), Defendants have failed to make the appropriate showing why the entirety of
3  Sergeant Tyree's declaration and all of over 200 pages of exhibits must be sealed.

4      A party requesting to seal judicial records attached to a dispositive motion "must show
5  that 'compelling reasons supported by specific factual findings'" outweigh the presumption of
6  access to judicial records, which favors disclosure. *Pintos*, 605 F.3d at 678, quoting *Kamakana*
7  *v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also Kamakana*,
8  447 F.3d at 1179-80. "[B]road allegations of harm, unsubstantiated by specific examples or
9  articulated reasoning" are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.,* 966 F.2d 470, 476
10 (9th Cir. 1992).

11     Sergeant Tyree's declaration consists largely of materials which are already disclosed in
12 the documents Defendants filed and did not request to seal.  (Decl. of Josh Tyree in Support of
13 Defs' Mot. for Summ. J. and for Defs' Mot. for Order to File Confidential Documents Under
14 Seal for in Camera Review ("Tyree Seal Decl.") at 1-4.)  The balance of the declaration seeks to
15 provide, in very general terms, a factual basis for sealing the exhibits and does not reveal any
16 information which could serve to identify confidential informants.  (*Id*. at 4-6.)  To the extent
17 that Defendants requested to file under seal Sergeant Tyree's declaration their request is
18 **DENIED WITHOUT PREJUDICE** to filing a new motion to seal, provided they show specific
19 compelling reasons why each portion of the declaration should be sealed.

20     Defendants also requested to seal more than 200 pages of exhibits in support of their
21 summary judgment motion.  Upon review of the exhibits, it is apparent that the bulk of the
22 material does not reference confidential informant names or other identifying information, such
23 as descriptions, places or circumstances which could serve to identify them.  Moreover, much of
24 the contents are duplicative of the information provided in exhibits which Defendants have
25 already filed and did not request to seal.  Accordingly, Defendants' request for a wholesale
26 sealing of the exhibits attached to Sergeant Tyree's Declaration is **DENIED WITHOUT**
27 **PREJUDICE** to filing a new motion to seal, provided they show the requisite specific
28 compelling reasons.  If Defendants choose to file a new motion, they must carefully consider the

exhibits and request to seal only those portions which contain confidential informant names and descriptions of events and information which could serve to identify them. In this regard, Defendants must show specific compelling reasons why each portion of the exhibit should be sealed. The court will not entertain a motion for wholesale sealing of voluminous documents without a specific showing supporting such a request.

No later than June 1, 2011 Defendants shall make arrangements to retrieve the documents they sought to file under seal.

**IT IS SO ORDERED**.

DATED: May 26, 2011

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL