# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br>CDCR #C-47759,<br><br>                              Plaintiff,<br><br><br>                    vs.<br><br><br>F. GONZALES, et al.,<br><br><br>                              Defendants. | Civil No.   08-1113 MJL (PCL)<br><br><br>**ORDER:**<br><br>**(1) VACATING HEARING DATE AND RESETTING HEARING DATE FOR JULY 18, 2011; AND**<br><br>**(2)   PROVIDING NOTICE PURSUANT TO *KLINGELE / RAND* TO PRO SE PRISONER OF REQUIREMENTS FOR OPPOSING SUMMARY JUDGMENT** |

   **This notice is required to be given to Plaintiff pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988):**[1]

   ---

   [1] *Klingele* and *Rand* together require the district court "as a bare minimum," to ensure that a pro se prisoner has "fair notice of the requirements of the summary judgment rule." *Klingele*, 849 F.2d at 411 (quotations omitted).  "It would not be realistic to impute to a prison inmate ... an instinctual

1    Defendants have filed a Motion for Summary Judgment pursuant to FED.R.CIV.P. 56, by

2  which they seek to have your case dismissed.  A Motion for Summary Judgment under Rule 56

3  of the Federal Rules of Civil Procedure will, if granted, end your case.

4    Rule 56 tells you what you must do in order to oppose a Motion for Summary Judgment.

5  Generally, summary judgment must be granted when there is no genuine issue of material fact--

6  that is, if there is no real dispute about any fact that would affect the result of your case, and the

7  party who asked for summary judgment is entitled to judgment as a matter of law, which will

8  end your case.  When a party you are suing makes a motion for summary judgment that is

9  properly supported by declarations (or other sworn testimony), you cannot simply rely on what

10  your complaint says.  Instead, you must set out specific facts in declarations, depositions,

11  answers to interrogatories, or authenticated documents, as provided by Rule 56(e), that

12  contradict the facts shown in the defendants' declarations and documents and show that there

13  is a genuine issue of material fact for trial.  If you do not submit your own evidence in

14  opposition, summary judgment, if appropriate, may be entered against you.  If summary

15  judgment is granted, your case will be dismissed and there will be no trial.

16    **Conclusion and Order**

17    Accordingly, **IT IS ORDERED** that:

18    (1)    Plaintiff's Motion for Summary Judgment and Defendants' Cross-Motion for

19  Summary Judgment have been calendared for hearing on **Monday, July 18, 2011**, in Courtroom

20  14.  The previous hearing date of June 6, 2011 is **VACATED**.  Defendants' Opposition to

21  Plaintiff's Motion and Plaintiff's Opposition to Defendants Cross-Motion (including any

22  supporting documents) must be filed with the Court and served on all parties by **Tuesday, July**

23  **5, 2011**.  Defendants are instructed that Plaintiff shall *not* be limited in the amount of copies

24  _____

25  awareness that the purpose of a motion for summary judgment is to head off a full-scale trial by
conducting a trial in miniature, on affidavits, so that not submitting counter affidavits is the equivalent

26  of not presenting any evidence at trial."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364 n.4 (9th Cir. 1986)
(internal quotation omitted).  Actual knowledge or any level of legal sophistication does not obviate the

27  need for judicial explanation.  *Rand*, 113 F.3d at 1523 (citing *Klingele*, 849 F.2d at 411-12).  Thus, the
district court must ensure that the prisoner knows "about his 'right to file counter-affidavits or other

28  responsive materials and [to] alert[] [him] to the fact that his failure to so respond might result in the
entry of summary judgment against him.'" *Jacobsen*, 790 F.2d at 1365 n.8 (quoting *Klingele*, 849 F.2d
at 411).

1  necessary to prepare his Opposition.    *See* Cal. Code Regs. tit. 15, § 3162(c). If either party

2  chooses not to file an Opposition, that party should file and serve a "Notice of Non-Opposition"

3  by that same date to let both the Court and all parties know that the Motion is unopposed.

4       If either party does file and serve an Opposition, the other party  must file and serve their

5  Reply to that Opposition by **Monday, July 11, 2011.**

6       At the time appointed for hearing, the Court will, in its discretion, consider Plaintiff's

7  Motion for Summary Judgment and Defendants' Cross-Motion for Summary Judgment pursuant

8  to FED.R.CIV.P. 56 as submitted on the papers, and will issue its written opinion soon thereafter.

9  Thus, unless otherwise ordered, no appearances are required and no oral argument will be heard.

10      **IT IS SO ORDERED.**

11

12  DATED:  May 26, 2011

13  _____

14  M. James Lorenz
    United States District Court Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28