UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SERGIO ALEJANDRO GAMEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**F. GONZALES, et al.**<br><br>Defendants. | Case No. 08cv1113 MJL (PCL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT CONSTRUED AS MOTION FOR DISCOVERY SANCTIONS**<br><br>**(Doc. 70.)** |

Plaintiff Gamez, a prisoner proceeding *pro se* and *in forma pauperis*, is prosecuting an action filed under 42 U.S.C. § 1983. On May 16, 2011, Plaintiff filed a Motion for Default Judgment against two Defendants, K.S. Allen ("Allen") and S. Wright ("Wright"), both of whom answered the complaint, but neither of whom have responded to any discovery requests. (Doc. 70.) The District Court construed Plaintiff's Motion for Default Judgment as a Motion for Discovery Sanctions pursuant to Federal Rule of Civil Procedure 37(d) and referred the Motion to this Court for an order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) unless this Court finds that rendering a default judgment is appropriate, then for a report and recommendation pursuant to Rule 72(b).[1] (Doc. 77.) Defense Counsel filed an Opposition to Plaintiff's Motion for Default Judgment on May 25, 2011. (Doc. 80.)

---

1. F.R.C.P. 37(d) provides for various sanctions, including "rendering default against the disobedient party."

**BACKGROUND**

- On April 1, 2009, Plaintiff filed his Second Amended Complaint ("SAC"). (Doc. 13.)
- On May 7, 2009, this Court issued an Order Directing Service by the United States Marshal. (Doc. 14.)
- On September 21, 2009, a summons was returned unexecuted as to S. Wright. (Doc. 16.)
- On December 4, 2009, an Answer was filed on behalf of all Defendants, including Wright and Allen. (Doc. 20.)
- On January 25, 2010, Waivers of Service were returned, signed on January 14, 2009 by Defense Counsel as "Michael Terhorst as Attorney for [Defendant]" on behalf of all Defendants, including Wright and Allen. (Doc. 23.)

Since the inception of Plaintiff's action, the parties have been embroiled in a discovery dispute regarding the production of certain prison records. All Defendants except Defendants Wright and Allen have participated in discovery. Cross Motions for Summary Judgment are pending before the District Court.

**DISCUSSION**

As a preliminary matter, the parties dispute whether Defendants Wright and Allen are properly before the court. On September 21, 2009, the Summons was returned unexecuted as to S. Wright. (Doc. 16.) Later, on January 25, 2010, Waivers of Service, (doc. 23) signed by Defense Counsel Michael Terhorst, were filed as to all defendants, including Allen and Wright, and an Answer, (doc. 20) was filed on behalf of all Defendants including Allen and Wright.

In response to the present Motion for Default Judgment construed as a Motion for Discovery Sanctions, Defense Counsel filed an Opposition arguing that granting Default Judgment is improper because he does not represent Defendants Allen and Wright and arguing that they were never properly served. (Doc. 80, at 2-3.) From Defense Counsel's filings it appears that his office routinely waives service and answers on behalf of all defendants to prisoner civil rights cases referred to his office by the Attorney General. (Id. at 2-3 and 9-11.) Counsel stated that this practice

was office policy instituted to prevent prejudice to any defendant's rights, but that the policy changed when he later learned that the named defendants were not properly served or had failed to secure a Request for Representation.  (Id. at 9.)

Counsel states that he advised Plaintiff and this Court, during a conference in September of 2010, that he did not file discovery responses on behalf of Allen and Wright because they were not properly served.  (Id.)  Counsel states that he tried to persuade Wright and Allen to accept his services, but they declined.  (Id. at 3 and 9.)  Defense Counsel argues that Plaintiff should have re-served Allen and Wright or filed a subsequent motion to compel [discovery responses from the purportedly unserved Defendants] and further states that the Court directed Plaintiff to do so.  (Id. at 9.)  Plaintiff, on the other hand, states that this Court verbally directed Defense Counsel to address the issue of these two defendants.  (Doc. 70, at 2.)

Irrespective of the Parties' varying versions of what was said during telephonic meet and confer sessions, the record reflects that Defense Counsel is Counsel of Record for all named Defendants, including Wright and Allen. (Docs. 20 and 23.)  The record does not reflect any motion to withdraw as Counsel of Record, nor any amended answer omitting Wright and Allen, nor any motion to withdraw the Waivers of Service as to Wright and Allen.  The record does not reflect that this Court issued any order directing the United States Marshal to re-serve the SAC.

Thus, the record reflects that Defense Counsel answered on behalf of Defendants but then stopped representing them until the filing of the present Opposition to Plaintiff's Motion for Default Judgment Construed as a Motion for Discovery Sanctions on their behalf.  Counsel, by his own statements, did not even investigate whether he represented the named Defendants for whom he filed an answer and waivers of service.  This failure is potentially sanctionable under the Federal Rules of Civil Procedure.  F.R.C.P. 11(b) & (c) (requiring that pleadings, motions, and other papers filed with the court be signed by the attorney and providing that, by signing papers filed with the court, the attorney represents that he or she has conducted a reasonable investigation into the factual bases and legal contentions of the filing.)[2/]  Additionally, if counsel does not represent a defendant, it is

---

2.
F.R.C.P. 11(b)(4) provides as follows: "[b]y presenting to the court a pleading, written

not proper to present arguments on behalf of that defendant, and presenting such arguments may constitute a waiver of service. <u>Miller v. Van Boening</u>, Slip op. 2011 WL 884222 (W.D. Washington 2011).

Finally, challenges to sufficiency of service must be made prior to or in the first responsive pleading to a complaint or they are waived. F.R.C.P. 12(h). Therefore, because it was not raised in the Answer nor prior to the Answer, Counsel's argument that Defendants Wright and Allen were never properly served is not timely and has been waived.

Accordingly, Mr. Terhorst remains Counsel of Record for Defendants Allen and Wright and the Court will summarily deny any motion to withdraw as Counsel of Record submitted at this late juncture. Defense Counsel is ordered to file a motion with the District Court to include Wright and Allen in Defendants' Motion for Summary Judgment.

In addition, because Defense Counsel stated, in today's telephonic status conference with Plaintiff and Defense Counsel, that he will provide discovery responses as to Wright and Allen, this Court finds that discovery sanctions pursuant to Federal Rule of Civil Procedure 37(d) are not appropriate at this time. Accordingly, Plaintiff's Motion for Default Judgment construed as Motion for Discovery Sanctions is **DENIED**.

**IT IS SO ORDERED.**

DATE: <u>July 11, 2011</u>

Peter C. Lewis
U.S. Magistrate Judge
United States District Court

---

motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a belief or a lack of information." F.R.C.P. 11(c)(3) provides that the court may, on it's own initiative, order an attorney to show cause why conduct specifically described in the order has not violated Rule 11(b).