# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ, | 1:08-cv-01113-LJO-GSA-PC |
| Plaintiff, | ORDER REQUIRING PARTIES TO NOTIFY COURT WHETHER A SETTLEMENT |
| v. | CONFERENCE WOULD BE BENEFICIAL |
| F. GONZALEZ, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

**I.   BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 1, 2008. (Doc. 1.) This action now proceeds on the Second Amended Complaint filed on April 1, 2009. (Doc. 13.)

On September 1, 2011, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants, closing this action. (Doc. 109, 110.) On September 16, 2011, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. 111.) On July 25, 2012, the Ninth Circuit affirmed in part, vacated in part, and remanded in part the district court's decision. (Doc. 116.) On July 25, 2012, the case was reopened at the district court.

This action now proceeds against defendants F. Gonzalez (Warden, CCI), Captain S. Wright, N. Grannis (Chief of Inmate Appeals), K. Berkeler (Senior Special Agent), K. J. Allen (Appeals Examiner), M. Carrasco (Associate Warden, CCI), Lieutenant J. Gentry, and K. Sampson (Appeals

Coordinator), on Plaintiff's due process claims concerning his 2010 re-validation as a gang associate, and Plaintiff's retaliation claims associated with the 2010 re-validation. (Doc. 116.)

The pretrial deadlines for the parties to conduct discovery and file dispositive motions have expired. (Doc. 64.) At this stage of the proceedings, the Court ordinarily proceeds to schedule the case for trial.

The Court is able to refer cases for mediation before a participating United States Magistrate Judge. Settlement conferences are ordinarily held in person at the Court or at a prison in the Eastern District of California. Plaintiff and Defendants shall notify the Court whether they believe, in good faith, that settlement in this case is a possibility and whether they are interested in having a settlement conference scheduled by the Court.[1]

Defendants' counsel shall notify the Court whether there are security concerns that would prohibit scheduling a settlement conference. If security concerns exist, counsel shall notify the Court whether those concerns can be adequately addressed if Plaintiff is transferred for settlement only and then returned to prison for housing.

## II.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that within **thirty (30) days** from the date of service of this order, Plaintiff and Defendants shall file a written response to this order.[2]


IT IS SO ORDERED.

Dated:   **October 15, 2012**          /s/ **Gary S. Austin**
                              UNITED STATES MAGISTRATE JUDGE

---

[1] The parties may wish to discuss the issue by telephone in determining whether they believe settlement is feasible.

[2] The issuance of this order does not guarantee referral for settlement, but the Court will make every reasonable attempt to secure the referral should both parties desire a settlement conference.