# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>F. GONZALEZ, et al.,<br><br>  Defendants.<br>_____/ | 1:08-cv-01113-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO AMEND<br>(Doc. 120.)<br><br>THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT AS INSTRUCTED BY THIS ORDER |

**I.    BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 1, 2008. (Doc. 1.)

On September 1, 2011, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants, closing this action. (Docs. 109, 110.) On September 16, 2011, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. 111.)

On July 25, 2012, the Ninth Circuit affirmed in part and vacated in part the district court's judgment, and remanded the case to the district court. (Doc. 116.) The Ninth Circuit affirmed the district court's dismissal of Plaintiff's equal protection "class of one" claims and the district court's decision to grant summary judgment to Defendants on Plaintiff's contentions that his due process rights were violated by the failure to review his gang status prior to 2009. (Doc. 116 at 1-2.) However, the Ninth Circuit found a genuine dispute of material fact as to whether the evidence used by Defendants in support of Gamez's 2010 re-validation had "sufficient indicia of reliability" to meet the "some evidence" standard as required to satisfy due process. (<u>Id.</u> at 2.) The Court vacated the

district court's summary judgment on Plaintiff's due process claims relating to his re-validation as a prison gang associate and remanded for further proceedings. (Id. at 3.) The Court also vacated the dismissal of Plaintiff's retaliation claim associated with the 2010 re-validation and remanded for the district court to consider the claim in the first instance. (Id. at 3.) On July 25, 2012, the case was reopened at the district court. On November 23, 2012, the Ninth Circuit entered the formal mandate for the July 25, 2012 judgment. (Doc. 125.)

This action now proceeds on Plaintiff's Second Amended Complaint filed on April 1, 2009, against defendants F. Gonzalez (Warden, CCI), Captain S. Wright, N. Grannis (Chief of Inmate Appeals), K. Berkeler (Senior Special Agent), K. J. Allen (Appeals Examiner), M. Carrasco (Associate Warden, CCI), Lieutenant J. Gentry, and K. Sampson (Appeals Coordinator), on Plaintiff's due process claims concerning his 2010 re-validation as a gang associate, and Plaintiff's retaliation claims associated with the 2010 re-validation. (Doc. 116.)

On October 30, 2012, Plaintiff filed a motion for leave to amend the complaint and conduct further discovery. (Doc. 120.) On November 13, 2012, Defendants filed a response indicating they have no objection to Plaintiff's motion. (Doc. 121.)

## II.     MOTION TO AMEND – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, Defendants have consented to amendment. Therefore, the motion to amend is granted.

Plaintiff seeks to amend the complaint to add two new parties, G. Adame (Assistant Institutional Gang Investigator at CCI) and D. Jakabosky (Special Agent - Special Service Unit at Sacramento). Plaintiff argues that these two defendants are indispensable parties under Fed. R. Civ. P. 19, in light of the Ninth Circuit's decision that Plaintiff's case shall proceed on two new issues that were not part of the Second Amended Complaint but arose after discovery proceedings. Plaintiff also requests that discovery be re-opened for the parties to conduct discovery concerning the new issues.

### III.    DISCUSSION

Plaintiff correctly asserts that the Ninth Circuit remanded this action for the district court to consider two new issues which were not present in the Second Amended Complaint: (1) Plaintiff's "due process claims concerning his 2010 re-validation as a gang associate," and (2) Plaintiff's "retaliation claims associated with the 2010 re-validation." (Doc. 116 at 4.) Plaintiff shall be provided thirty days in which to file a Third Amended Complaint addressing these two new issues.

Plaintiff is advised that the Ninth Circuit held that Plaintiff's "equal protection 'class of one' claims were properly dismissed;" that "the district court properly granted summary judgment to defendants on Gamez's contentions that his due process rights were violated by the failure to review his gang status prior to 2009;" and that issues "relating to the district court's determination that review of [Plaintiff's] 2003 gang validation was barred by the statute of limitations [were] deemed waived." (Doc. 116 at 3, 4.) Therefore, Plaintiff should not address these prior equal protection and due process claims in the Third Amended Complaint.

Plaintiff must demonstrate in the Third Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969. Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d, 930, 934 (emphasis added).

Plaintiff alleged in his motion for summary judgment filed on May 16, 2011 that in 2010, J. Gentry and G. Adame found sufficient evidence to validate Plaintiff as gang associate, causing Plaintiff to remain in segregated housing. (Doc. 72 at 15-16 ¶¶33-36.). The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty

interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). If a protected interest is identified, the inquiry then turns to what process is due. Wilkinson, 545 U.S. at 224.

The assignment of validated gang members and associates to the Security Housing Unit (SHU) is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995)). In addition to these minimal protections, there must be "some evidence" supporting the decision. Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)). Although discussed in the context of a disciplinary hearing, the Ninth Circuit has stated that under the Hill standard, the evidence should have some indicia of reliability. Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987).

To state a claim for retaliation under the First Amendment, Plaintiff must satisfy five elements. Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). First, the plaintiff must allege that the retaliated-against conduct is protected. The filing of an inmate grievance is protected conduct. Rhodes v. Robinson, 408 F.3d 559, 568 (9th Cir. 2005). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. Id. at 567. The adverse action need not be an independent constitutional violation. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he

mere threat of harm can be an adverse action . . . ." Brodheim, 584 F.3d at 1270. Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. Pratt, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent"); Murphy v. Lane, 833 F.3d 106, 108-09 (7th Cir. 1987). Fourth, the plaintiff must allege that the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." Robinson, 408 F.3d at 568 (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim, 584 F.3d at 1269, that is "more than minimal," Robinson, 408 F.3d at 568 n. 11. That the retaliatory conduct did not chill the plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. Id. at 569. Fifth, the plaintiff must allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution . . . ." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, id., or that they were "unnecessary to the maintenance of order in the institution," Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading. Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The Third Amended Complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

The Court shall screen the Third Amended Complaint pursuant to 28 U.S.C. § 1915A to identify any cognizable claims and determine whether further service of process is required. Discovery shall be re-opened at a later stage of the proceedings, if applicable.

///

### IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint is GRANTED;
2. The Clerk of the Court shall send to Plaintiff one civil rights complaint form;
3. Within thirty days of the date of service of this order, Plaintiff shall file a Third Amended Complaint as instructed by this order;
4. The Third Amended Complaint should be clearly and boldly titled "Third Amended Complaint," refer to case number 1:08-cv-01113-LJO-GSA-PC, and be an original signed under penalty of perjury; and
5. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to comply with a court order.

IT IS SO ORDERED.

Dated:   **December 18, 2012**             **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE