# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ, | 1:08-cv-01113-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION TO SEAL DOCUMENTS |
| v. | (Doc. 127.) |
| F. GONZALEZ, et al., | ORDER DIRECTING CLERK TO RETURN DOCUMENTS TO PLAINTIFF |
| Defendants. | |

**I.  BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 1, 2008. (Doc. 1.)  This action now proceeds on the Second Amended Complaint filed on April 1, 2009. (Doc. 13.)

On September 1, 2011, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants, closing this action. (Doc. 109, 110.)  On September 16, 2011, Plaintiff filed a notice of appeal to the Ninth Circuit. (Doc. 111.)  On July 25, 2012, the Ninth Circuit affirmed in part, vacated in part, and remanded in part the district court's decision. (Doc. 116.)  On July 25, 2012, the case was reopened at the district court.

This action now proceeds against defendants F. Gonzalez (Warden, CCI), Captain S. Wright, N. Grannis (Chief of Inmate Appeals), K. Berkeler (Senior Special Agent), K. J. Allen (Appeals Examiner), M. Carrasco (Associate Warden, CCI), Lieutenant J. Gentry, and K. Sampson (Appeals

1  Coordinator), on Plaintiff's due process claims concerning his 2010 re-validation as a gang
2  associate, and Plaintiff's retaliation claims associated with the 2010 re-validation. (Doc. 116.)
3        On December 12, 2012, Plaintiff filed a motion to seal documents. (Doc. 127.) On
4  December 31, 2012, Defendants filed an opposition. (Doc. 129.)

**II.    MOTION TO SEAL DOCUMENTS**

      Most courts recognize a presumption of public access to court records based on common law and First Amendment grounds.  The public therefore normally has the right to inspect and copy documents filed with the court. See Nixon v. Warner Comm., Inc., 435 U.S. 589, 597-98 (1978); Globe Newspaper v. Superior Court for Norfolk County, 457 U.S. 596, 603 (1982); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002).  However, public access may be denied where the court determines that court-filed documents may be used for improper purposes. Nixon, 435 U.S. at 598; Hagestad v. Tragesser, 49 F.3d 1430, 1433-1434 (9th Cir. 1995). Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case," Nixon, 435 U.S. at 599. Courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." Hagestad, 49 F.3d at 1434 (quoting Nixon, 435 U.S. at 602).

      "Two standards generally govern motions to seal documents[.]" Pintos v. Pac. Creditors Ass'n., 605 F.3d 665, 677 (9th Cir 2010).  Judicial records attached to a dispositive motion are treated differently from records attached to non-dispositive motions. "'[C]ompelling reasons' must be shown to seal judicial records attached to a dispositive motion." Kamakana, 447 F.3d at 1179 (quoting Foltz v. State Farm mutual Auto. Insurance Company, 331 F.3d 1122, 1136 (9th Cir. 2003)). "[A] 'particularized showing,' Foltz 331 F.3d at 1138, under the 'good cause standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions.'" Kamakana at 1180. "'In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret.'" Id. at 1179. "In general, 'compelling reasons' sufficient to ... justify sealing court records exist when

1  such 'court files might ... become a vehicle for improper purposes,' such as the use of records to
2  gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets."
3  Id. (quoting Nixon, 435 U.S. at 598). "The mere fact that the production of records may lead to a
4  litigant's embarrassment, incrimination, or exposure to further litigation will not, without more,
5  compel the court to seal its records." Id. .

6        Plaintiff seeks to seal his intended motion for temporary injunction barring Defendants from
7  classifying Plaintiff as an active associate of a prison gang pending resolution of this case, and its
8  attachments, to be considered *in camera*, on the grounds that disclosure of the motion and
9  attachments to Defendants will cause Plaintiff to be subjected to further retaliation by Defendants.
10 Plaintiff argues that further retaliation will cause him to be disqualified for parole consideration in
11 his upcoming Tenth Parole Hearing on February 6, 2013.

12       In opposition, Defendants argue that Plaintiff's motion to seal fails to show compelling
13 reasons supported by specific factual findings that outweigh the presumption of access to judicial
14 records, which favors disclosure.  Defendants argue that Plaintiff is seeking to have the Court
15 micromanage CDCR's prison facility and personnel by getting involved with its day-to-day
16 operations, which is contrary to the holdings of the U.S. Supreme Court.  Defendants also argue that
17 Plaintiff has shown no proof that CDCR, the Parole Board, and/or any of its personnel at CCI have
18 or will act improperly in any of its actions.  Finally, Defendants argue that if the Court seals
19 Plaintiff's motion for temporary injunction, Defendants and the Court will be prevented from
20 determining whether the motion meets the requirements under Federal Rule of Civil Procedure 65.

21 **III.   DISCUSSION**

22       The Court has reviewed Plaintiff's motion for temporary injunction *in camera*.  The
23 documents Plaintiff seeks to file under seal contain Plaintiff's arguments, and documents in support
24 of his arguments, that he should not be classified as an active associate of a prison gang.  Plaintiff
25 has not provided a compelling reason to seal the motion and supporting documents.  Plaintiff's
26 argument that disclosure of the documents will cause Defendants to disqualify him for parole without
27 cause is speculative, and the fact that disclosure of the motion may cause retaliation against Plaintiff
28 will not, without more, compel the court to seal its records.  Plaintiff has not argued that disclosure

of any particular document will jeopardize the safety or privacy of particular individuals, or that he is unable to file documents with any confidential information redacted.

Permitting the motion to be filed under seal would deprive the public of the information it is entitled to, namely the basis for this Court's decision on the motion for temporary injunction. The Court shall not decide Plaintiff's motion based upon secret evidence. Equally unacceptable, Plaintiff seeks to withhold the motion from Defendants, which would preclude Defendants from defending against the issuance of a temporary injunction by withholding access to the evidence that supposedly justifies its issuance. Therefore, Plaintiff's motion to seal shall be denied, and the documents submitted for the Court's review shall be returned to Plaintiff.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request to seal documents is DENIED; and
2. The Clerk of Court is DIRECTED to return to Plaintiff the motion for temporary injunction and supporting documents submitted to the Court on December 12, 2012.

IT IS SO ORDERED.

Dated: **January 8, 2013**         /s/ **Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE