UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>            Plaintiff,<br><br>     vs.<br><br>F. GONZALEZ, et al.,<br><br>            Defendants. | 1:08-cv-01113-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF, OR IN THE ALTERNATIVE, MOTION TO COMPEL DEFENDANTS TO SUBMIT DOCUMENTS FOR *IN CAMERA* REVIEW, BE DENIED<br>(Docs. 140, 141.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY (20) DAYS |

**I.    RELEVANT PROCEDURAL HISTORY**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 1, 2008.  (Doc. 1.)  On February 19, 2009, Plaintiff filed the First Amended Complaint.  (Doc. 11.)  On February 26, 2009, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 12.)  On April 1, 2009, Plaintiff filed the Second Amended Complaint.  (Doc. 13.)

On October 30, 2012, Plaintiff filed a motion to amend the complaint, which was granted by the court on December 19, 2012.  (Docs. 120, 128.)  On January 14, 2013, Plaintiff filed the Third Amended Complaint.  (Doc. 132.)  The court screened the Third Amended

Complaint pursuant to 28 U.S.C. § 1915A and entered an order on October 3, 2013, requiring Plaintiff to either file a fourth amended complaint, or notify the court of his willingness to proceed with the claims found cognizable by the court, within thirty days. (Doc. 137.) To date, Plaintiff has not filed a fourth amended complaint or notified the court of his willingness to proceed. (Court Record.)

On October 24, 2013, Plaintiff filed a motion for preliminary injunctive relief, requesting a court order barring Defendants from further retaliation. (Docs. 140, 141.) In the alternative, Plaintiff requests the court to compel the defendants to submit documents to the court for *in camera* review. Id.

## II. PRELIMINARY INJUNCTIVE RELIEF

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject

matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

**Discussion**

By separate order, the court ordered Plaintiff to either file a fourth amended complaint, or notify the court of his willingness to proceed with the claims found cognizable by the court. Plaintiff has not yet responded to the court's order. Thus, at this juncture, the court does not yet have before it an actual case or controversy, nor does the court have jurisdiction over any of the defendants in this action. Id. Therefore, Plaintiff's motion for preliminary injunctive relief must be denied.

**III.   MOTION TO COMPEL DEFENDANTS TO SUBMIT DOCUMENTS FOR IN CAMERA REVIEW**

In the alternative, Plaintiff requests the court to compel the defendants to submit documents to the court for *in camera* review. As discussed above, at this stage of the proceedings, the court does not yet have jurisdiction over any of the defendants in this action. Id. Therefore, Plaintiff's motion to compel must also be denied.

**IV.   CONCLUSION AND RECOMMENDATION**

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, or in the alternative, motion to compel defendants to submit documents to the court, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20) days** after being served with these findings and recommendations, the parties may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that

///

///

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**October 25, 2013**__                    _____**/s/ Gary S. Austin**
                                                                                        UNITED STATES MAGISTRATE JUDGE