UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants. | 1:08-cv-01113-LJO-GSA-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STAY DISCOVERY<br>(Doc. 136.)<br><br>ORDER STAYING DISCOVERY AND VACATING DISCOVERY/SCHEDULING ORDER ISSUED ON SEPTEMBER 19, 2003<br>(Doc. 135.)<br><br>**Deadlines vacated:**<br><br>    Unenumerated Rule 12(b) Motion Deadline−**11/18/2013**<br><br>    Deadline to Amend Pleadings−**03/18/2014**<br><br>    Discovery Cut−Off Date−**05/18/2014**<br><br>    Dispositive Motion Deadline−**07/28/2014** |

## I.    RELEVANT PROCEDURAL HISTORY

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 1, 2008. (Doc. 1.) On February 19, 2009, Plaintiff filed the First Amended Complaint. (Doc. 11.) On February 26, 2009, the court dismissed the First Amended Complaint for failure to state a claim, with leave to amend. (Doc. 12.) On April 1, 2009, Plaintiff filed the Second Amended Complaint. (Doc. 13.) The court screened the Second Amended Complaint, finding cognizable claims, and initiated service upon defendants. (Doc. 14.) Defendants filed an Answer on December 4, 2009, and the court opened discovery. (Docs. 20, 22.)

On October 30, 2012, Plaintiff filed a motion to amend the complaint to add new claims and defendants, which was granted by the court on December 19, 2012. (Docs. 120, 128.) On January 14, 2013, Plaintiff filed the Third Amended Complaint. (Doc. 132.) Defendants filed an Answer on September 17, 2013. (Doc. 134.) On September 18, 2013, the court issued a discovery/scheduling order, opening discovery and setting out pretrial deadlines. (Doc. 135.)

The court then screened the Third Amended Complaint pursuant to 28 U.S.C. § 1915A and entered an order on October 3, 2013, requiring Plaintiff to either file a fourth amended complaint, or notify the court of his willingness to proceed with the claims found cognizable by the court, within thirty days. (Doc. 137.) To date, Plaintiff has not filed a fourth amended complaint or notified the court of his willingness to proceed. (Court Record.)

Now pending is Plaintiff's motion to stay discovery, filed on September 30, 2013. (Doc. 136.) Defendants filed an opposition to the motion on October 3, 2013. (Doc. 138.)

## II.  MOTION TO MODIFY SCHEDULING ORDER

Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. Id. The court may also consider the prejudice to the party opposing the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

### A.  Parties' Arguments

Plaintiff requests that discovery for this action be stayed, pending completion of the court's screening of the Third Amended Complaint. Plaintiff argues that at this stage of the proceedings, he does not know which of the defendants he should serve with discovery, and

therefore, in the interest of comity and to preserve judicial resources, discovery should be stayed until after the court has finished the requisite screening.

In opposition, Defendants argue that the court's screening of the Third Amended Complaint does not warrant modification of the scheduling order. Defendants argue that because Plaintiff's First Amended Complaint was filed on February 19, 2009, and substantial discovery was conducted on the earlier versions of the complaint, there is no good cause to delay additional discovery or to stay the scheduling order pending the court's screening of the Third Amended Complaint.

**Discussion**

Plaintiff's arguments have merit. The parties cannot properly participate in discovery before knowing which defendants and claims this action proceeds upon. Defendants' arguments are unpersuasive. The fact that discovery was conducted on a prior complaint does not support Defendants' argument that discovery for a subsequent complaint should not be delayed.[1]

Under 28 U.S.C. § 1915A(a), the court is required to screen complaints, such as Plaintiff's, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Plaintiff's case cannot proceed until the court's screening of the Third Amended Complaint has been completed.

At this juncture, Plaintiff has not complied with the court's order requiring him to either file a fourth amended complaint or notify the court of his willingness to proceed with the Third Amended Complaint on the claims found cognizable by the court. Therefore, the court's

---

[1] An amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F. 3d 896, 907 n.1 (9th Cir. Aug., 29, 2012) (en banc), and therefore once an amended complaint is filed, the prior complaint no longer serves any function in the case.

screening process has not been completed, and the case cannot proceed.  Thus, discovery cannot proceed until after the screening is completed.

Plaintiff has shown that even with the exercise of due diligence, he cannot meet the requirements of the court's discovery/scheduling order.  Therefore, good cause appearing, Plaintiff's motion shall be granted, and the court shall stay discovery and vacate the discovery/scheduling order of September 19, 2003.

### III. CONCLUSION

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay discovery, filed on September 30, 2013, is GRANTED;
2. Discovery for this action is STAYED, and the court's discovery/scheduling order, issued on September 19, 2013, is VACATED;
3. The following pretrial deadlines are VACATED:
   (1) The **November 18, 2013** deadline for filing unenumerated Rule 12(b) motions is VACATED;
   (2) The **March 18, 2014** deadline to amend pleadings is VACATED;
   (3) The **May 18, 2014** discovery cut-off date is VACATED; and
   (4) The **July 28, 2014** dispositive motions deadline is VACATED; and
4. The parties are precluded from conducting discovery in this action until the court issues a new scheduling order re-opening discovery.

IT IS SO ORDERED.

Dated:   **October 30, 2013**                **/s/ Gary S. Austin**
                                             UNITED STATES MAGISTRATE JUDGE