UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>F. GONZALEZ, et al.,<br><br>　　　　　Defendants. | 1:08-cv-01113-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR STAY OF DISCOVERY<br>(Doc. 152.) |

**I.　BACKGROUND**

　　Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 1, 2008. (Doc. 1.) This action now proceeds with the Fourth Amended Complaint filed by Plaintiff on November 8, 2013, against defendants Holland, Gonzalez, Tyree, Gentry, Adame, and Jakabosky on Plaintiff's retaliation and due process claims. (Doc. 147.)

　　On December 19, 2013, defendants Gentry and Gonzales filed an Answer to the Fourth Amended Complaint. (Doc. 149.) On January 23, 2014, the court issued a Scheduling Order which opened the discovery phase for this action and established pretrial deadlines. (Doc. 151.)

On February 13, 2014, Plaintiff filed a motion for stay of the discovery phase in this action. (Doc. 152.)

## II.     PLAINTIFF'S MOTION FOR STAY

The court has inherent authority to manage the cases before it.  Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance.")  Rule 26(c) of the Federal Rules of Civil Procedure authorizes "any order which justice requires to protect a party ... from annoyance, embarrassment, oppression, or undue burden of expense."  Fed. R. Civ. P. 26(c).  Stays of proceeding in federal court, including stays of discovery, are committed to the discretion of the trial court.  See, e.g., Jarvis v. Regan, 833 F.2d 149, 155 (9th Cir. 1987).

Plaintiff requests a stay of the discovery phase in this action, pending service of process upon defendants Holland, Tyree, Adame, and Jakabosky.  Plaintiff argues that he is unable to proceed with discovery until after all of the defendants have made an appearance in the action.  Plaintiff requests a stay of discovery until all of the defendants have filed Answers, or for 21 days, to serve the interest of comity and preserve judicial resources.

### *Discussion*

As a rule, the Court opens the discovery phase in cases such as Plaintiff's following the filing of an Answer by one or more of the defendants to the action.   This allows the parties who have appeared to begin the discovery process.  If other defendants join the action afterwards, the discovery period and other pretrial deadlines may be extended on a party's motion or *sua sponte* by the court.  Service of process upon multiple defendants is often a lengthy process, and service is not always successful upon every defendant.  The Court does not lightly stay litigation, due to the possibility of prejudice to defendants.  In this case, two of the defendants filed an Answer to the operative complaint on December 19, 2013.  (Doc. 149.) Plaintiff has not shown good cause for the court to stay discovery until all of the defendants

have filed Answers, or for an arbitrary 21-day period.  Therefore, Plaintiff's motion for stay shall be denied.

**III.    CONCLUSION**

Accordingly, good cause appearing, IT IS HEREBY ORDERED that Plaintiff's motion for stay of discovery, filed on February 13, 2014, is DENIED.

IT IS SO ORDERED.

Dated:   **February 14, 2014**                     **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE