UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>           Plaintiff,<br><br>      vs.<br><br>F. GONZALEZ, et al.,<br><br>           Defendants. | 1:08-cv-01113-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES<br>(Doc. 158.) |

**I.    BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on August 1, 2008. (Doc. 1.) This action now proceeds with the Fourth Amended Complaint filed by Plaintiff on November 8, 2013, against defendants Holland, Gonzalez, Tyree, Gentry, Adame, and Jakabosky, on Plaintiff's retaliation and due process claims. (Doc. 147.)

On March 20, 2014, defendants Holland, Adame, and Tyree ("Defendants") filed an Answer to the First Amended Complaint containing seventeen affirmative defenses. (Doc. 156.) On March 24, 2014, Plaintiff filed a motion to strike some of Defendants' affirmative

defenses under Rule 12(f).  (Doc. 158.)  On April 9, 2014, Defendants filed an opposition to the motion.  (Doc. 161.)  On April 28, 2014, Plaintiff filed a reply to the opposition.  (Doc. 163.)

Plaintiff's motion to strike Defendants' affirmative defenses is now before the court.

## II.     MOTION TO STRIKE – RULE 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure provides that "[t]he court may strike from a pleading an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter.  The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Fed. R. Civ. P. 12(f).  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).  Grounds for a motion to strike must appear on the face of the pleading or from matters which the court may judicially notice.  See Fantasy, Inc., 984 F.2d at 1528; Securities and Exch. Comm'n v. Sands, 902 F.Supp. 1149, 1165 (C.D.Cal.1995).  When ruling on a motion to strike, the court must accept as true the pleader's factual allegations.  See Vokal v. United States, 177 F.2d 619, 623-24 (9th Cir. 1949).

To prevail on a motion to strike an affirmative defense, the moving party must persuade the court that there are no disputed questions of fact or law and that the defense could not succeed under any set of circumstances.  See Securities and Exch. Comm'n, 902 F.Supp. at 1165.  "Even when the defense under attack presents a purely legal question, courts are reluctant to determine disputed or substantial questions of law on a motion to strike."  Id. at 1166; see Vokal, 177 F.2d at 622-23, 625; United States v. Iron Mountain Mines, Inc., 812 F.Supp. 1528, 1535 (E.D. Cal. 1992).  Motions to strike are generally regarded with disfavor because of the limited importance of pleadings in federal practice.  See Securities and Exch. Comm'n, 902 F.Supp. at 1165-66; LeDuc v. Kentucky Cent. Life Ins. Co., 814 F.Supp. 820, 830 (N.D. Cal.1992).  The moving party may thus be required to show prejudice arising from

///

the matter to be stricken. See Securities and Exch. Comm'n, 902 F.Supp. at 1166; LeDuc, 814 F.Supp. at 830.

### Parties' Positions

Plaintiff moves to strike Defendants' affirmative defenses numbers 1-4, 6-8, 14, 15, and 17, on the grounds that Defendants have no standing, have not set forth the elements of the defenses, and have not alleged a factual basis for such defenses. Plaintiff argues that such defenses have already been presented and ruled upon by the Court of Appeals for the Fifth District of the State of California. Plaintiff requests the court to take judicial notice of the Fifth District Court's opinion dated September 21, 2012, in habeas corpus case #F061976, In re Sergio A. Gamez, which is attached to Plaintiff's motion. Plaintiff argues that Defendants' affirmative defenses should be stricken so that the focus shifts to the merits of his case.

In opposition, Defendants argue that Plaintiff has not supported his claims, and it appears that Plaintiff simply believes he is right about his claims on the merits and there are no possible defenses. Defendants argue that their affirmative defenses were properly raised and stated in the Answer, and Plaintiff has identified no particular affirmative defense as defective procedurally or deficient in any way. Defendants assert that their affirmative defenses were all well grounded and intended to preserve those defenses for later argument on their merits.

Plaintiff replies that Defendants' opposition was untimely and should be rejected by the court.

### Discussion

Plaintiff makes no argument specific to any of Defendants' individual affirmative defenses, nor does he demonstrate any prejudice.[1] After review of the affirmative defenses, the court is not persuaded that Defendants cannot succeed on any of them under any set of circumstances, or that they are insufficient as a matter of law. Therefore, Plaintiff's motion to strike shall be denied.

///

---

[1] Plaintiff's request for judicial notice is denied. The court document he submits for consideration is not signed.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion to strike, filed on March 24, 2014, is DENIED.

IT IS SO ORDERED.

    Dated:  **May 7, 2014**           **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE