UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>           Plaintiff,<br><br>      vs.<br><br>F. GONZALEZ, et al.,<br><br>           Defendants. | 1:08-cv-01113-LJO-GSA-PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND TO CONDUCT FURTHER DISCOVERY<br>(Doc. 180.) |

**I.     BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 1, 2008. (Doc. 1.) This action now proceeds on the Fourth Amended Complaint filed by Plaintiff on November 8, 2013, against defendants K. Holland (Warden), F. Gonzalez (Former Warden), J. Tyree (Institutional Gang Investigator (IGI)), J. Gentry (Former IGI), D. Adame (Assistant IGI), and D. Jakabosky (Special Services Unit (SSU) Special Agent) ("Defendants") for due process violations, and for retaliation against Plaintiff in violation of the First Amendment. (Doc. 147.)

On May 9, 2014, the Court issued an Amended Scheduling Order establishing a deadline of January 9, 2015, for the parties to complete discovery, including the filing of motions to compel. (Doc. 167.) The discovery deadline has now expired.

On December 15, 2014, Plaintiff filed a motion to amend the complaint and to conduct further discovery. (Doc. 180.) On December 31, 2014, Defendants filed an opposition to the motion. (Doc. 182.) Plaintiff has not filed a reply.

## II.     LEAVE TO AMEND – RULE 15(a)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). Because Plaintiff has previously amended the complaint, and he does not have Defendants' consent to amend, Plaintiff requires leave of court to file a Fifth Amended Complaint.

**Plaintiff's Motion**

Plaintiff seeks to amend the complaint to add two defendants, Lieutenant (Lt.) Edgar Coontz and Board of Parole Hearings (BPH) Commissioner Ali Zarrinnam, and to conduct further discovery against them. Plaintiff alleges that on February 6, 2013, at Plaintiff's tenth parole consideration hearing at CCI, Lt. Coontz testified under oath that per confidential memorandum dated September 7, 2012 by the IGI, Plaintiff was in direct contact with an influential Mexican Mafia member in Pelican Bay State Prison. Plaintiff asserts that this is an unsupported damaging claim against him. Plaintiff also alleges that BPH Commissioner Zarrinnam noted at the hearing that Lt. Coontz and Warden Holland brought to his attention that Plaintiff was going to be restrained. Plaintiff asserts that these two defendants are

indispensable parties under Rule 19 of the Federal Rules of Civil Procedure. Plaintiff alleges that Lt. Coontz acquired information for his testimony from defendants Tyree and Adame, in further retaliation against Plaintiff for his legal activities. Plaintiff requests leave to add defendants Coontz and Zarrinnam to his retaliation claim and to conduct further discovery.

Defendants argue that the two defendants Plaintiff seeks to add to the complaint are not required indispensable parties because they do not fall within any of the three categories addressed in Rule 19(a)(i). Rule 19(a)(i) sets forth three categories of persons who are "required parties": (1) persons need to accord complete relief to the existing parties; (2) persons whose interests will be practically impaired or impeded if not joined; and (3) persons who are needed to make sure that the existing parties are not exposed to multiple or inconsistent obligations. Fed R. Civ. P. 19(a)(i). Defendants argue that Zarrinnam and Coontz are not needed to accord complete relief to the existing parties, and categories (2) and (3) are not applicable because no existing defendant has raised these issues.

**Discussion**

The court finds that it would be futile for Plaintiff to add Lt. Coontz and Commissioner Zarrinnum to the complaint for this action. Plaintiff has not alleged facts sufficient to state a cognizable retaliation claim against Lt. Coontz or Commissioner Zarrinnam. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009). Plaintiff has not shown a causal connection between adverse actions by Lt. Coontz and Commissioner Zarrinnam and Plaintiff's legal activities, nor has Plaintiff alleged that the adverse actions did not reasonably advance a legitimate correctional goal. Therefore, it would be futile to allow Plaintiff to amend the complaint to add these two defendants for retaliation

///

against Plaintiff.  Accordingly, Plaintiff's motion to amend and to conduct further discovery shall be denied.

**III.     CONCLUSION**

   Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend the complaint and to conduct further discovery is DENIED.

IT IS SO ORDERED.

   Dated:   **January 13, 2015**                    **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE