UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants. | 1:08-cv-01113-LJO-GSA-PC<br><br>ORDER DENYING DEFENDANTS' MOTION TO COMPEL PLAINTIFF'S DEPOSITION<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXTEND THE DISPOSITIVE MOTIONS DEADLINE<br><br>(Doc. 188.)<br><br>**New Dispositive Motions Deadline – <u>08/30/15</u>** |

**I.     BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 1, 2008. (Doc. 1.)

This action now proceeds with the Fourth Amended Complaint filed on November 8, 2013, against defendants K. Holland (Warden, CCI), F. Gonzalez (Former Warden, CCI), J. Tyree (IGI, CCI), J. Gentry (Former IGI, CCI), G. Adame (Assistant IGI, CCI), and G. Jakabosky (SSU Special Agent) for due process violations, and retaliation against Plaintiff in violation of the First Amendment. (Doc. 147.)

On May 9, 2014, the court issued an Amended Scheduling Order establishing pretrial deadlines, including a deadline of January 9, 2015 for completion of discovery, and a deadline of March 19, 2015 for the filing of pretrial dispositive motions. (Doc. 167.) The deadlines have now expired.

On March 11, 2015, Defendants filed a motion to compel Plaintiff's deposition and to extend the deadlines for completion of discovery and for filing dispositive motions. (Doc. 188.) On March 23, 2015, Plaintiff filed an opposition to the motion. (Doc. 190.) On March 30, 2015, Defendants filed a reply. (Doc. 191.)

Defendants' motion to compel and to extend time is now before the court.

## II. MOTION TO COMPEL DEPOSITION

### A. Legal Standards

#### *Rule 30 - Oral Depositions*

Under Rule 30 of the Federal Rules of Civil Procedure, a party may depose any person, including a party, by oral questions. Fed. R. Civ. P. 30(a).

#### *Court's Amended Scheduling Order*

Pursuant to the Court's Amended Scheduling Order issued on May 9, 2014 in this action, "Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1)." (Doc. 167 ¶3.)

#### *Rule 37 - Motions to Compel*

Pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B). The court, on motion, may order sanctions if a party fails, after being served with proper notice, to attend his own deposition. Fed. R. Civ. P. 37(d)(1). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "If the court where the discovery is taken orders a deponent to be sworn or to answer a question and the deponent fails to obey, the failure may be treated as

contempt of court." Fed. R. Civ. P. 37(b)(1). The moving party bears the burden of demonstrating "actual and substantial prejudice" from the denial of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (citations omitted.).

### B. Defendants' Position

Defendants seek an order compelling Plaintiff to appear for and complete his deposition. Defendants assert that despite their good faith efforts to schedule and complete Plaintiff's deposition, Plaintiff failed to appear for his deposition on January 8, 2015. Defendants' multiple attempts to schedule Plaintiff's deposition and then meet and confer regarding the deposition were unsuccessful. Defendants argue that Plaintiff's refusal to appear was done in bad faith and to obstruct the discovery process.

On November 24, 2014, Plaintiff's deposition was begun but not finished due to prison policies (guard shift changes), and therefore only three hours were completed. (Declaration of Michael A. Terhorst ("Terhorst Decl."), Doc. 188-1 ¶1.) Plaintiff was advised that his deposition would be continued and completed at a later date, which Plaintiff agreed to. (See Terhorst Decl. ¶1; Plaintiff Gamez's Deposition Transcript dated November 24, 2014 at 6:11-17, attached as Exhibit A to the Terhorst Decl.) Plaintiff was advised that defense counsel would coordinate with the Litigation Coordinator for a date and time in December or January to finish Plaintiff's deposition. (Terhorst Decl. ¶2.) The deposition was scheduled for January 6, 2015, but because of a scheduling conflict, it was reset to January 8, 2015, which Plaintiff was advised of through the Litigation Coordinator at Corcoran State Prison. (Terhost Decl. ¶3, Exh. B.)

On January 8, 2015, defense counsel arrived at Corcoran State Prison for the deposition before the scheduled time, and was advised by one of the escort correctional officers that Plaintiff was refusing to leave his cell without giving any reason. (Terhorst Decl. at ¶4; Reporter's Transcript of Proceedings dated January 8, 2015 at 3:1-23 attached as Exh. 1 to Terhorst 2nd Decl., Doc. 191-1.)

Two attempts to meet and confer with Plaintiff to complete his deposition were rejected by Plaintiff. (Terhorst Decl. ¶5, Exhs. C & D: Gamez's response letters dated January 14, 2015

and January 27, 2015.) Plaintiff argued that he did not have to appear on January 8 because he was not given proper notice. (Id.)

      C.      **Plaintiff's Position**

Plaintiff first argues that Defendants' motion to compel is untimely because pursuant to the court's scheduling order of May 9, 2014, the deadline for conducting discovery, including filing motions to compel, expired on January 9, 2015. Plaintiff also argues that under Fed. R. Civ. P. 30(d)(2)(B), Defendants were required to provide him with fourteen days notice prior to taking his deposition.

On December 12, 2014, defense counsel provided notice that on January 6, 2015 at 10:00 a.m. at Corcoran State Prison, Plaintiff's deposition would be completed. (Opposition ¶5, Exh. A.) However, without any notice to Plaintiff, defense counsel failed to show up. (Opposition ¶5.) On January 8, 2015 at 12:50 p.m., Plaintiff received a letter dated January 6, 2015, notifying him that the deposition had been rescheduled to January 8, 2015 at 10:00 a.m. at Corcoran State Prison, past the intended time of the deposition. (Opposition, Doc. 190, ¶¶5, 6, Exh. A.) Plaintiff argues that this letter failed to comply with the notice requirements of the court's scheduling order and Rules 30(d)(2)(A) and 30(b)(1).

Plaintiff claims that on January 8, 2015, Plaintiff and all other inmates at Corcoran State Prison were restricted to their assigned cells, due to a lockdown because of heavy fog.[1] (Opposition at ¶6.) Plaintiff argues that it was defense counsel's failure to follow instructions that caused the turn of events, not any wrongdoing by Plaintiff. Plaintiff argues that there is no factual support for defense counsel's claim that defense counsel was advised by the escort correctional officer that Plaintiff was refusing to leave his cell, and defense counsel should be required to provide the officer's name and assignment on January 8, 2015.

///

///

---

[1] In his reply, defense counsel asserts that there was no lockdown on that date, or he would not have been given access to inside the prison to take Plaintiff's deposition. (Terhorst 2nd Decl., Doc. 191-1 §2.) Counsel also denies there was any conversation between Plaintiff and defense counsel on January 8, 2015. (Id.)

*<u>Discussion</u>*

The parties disagree about what occurred on the morning of the January 8, 2015 deposition. Plaintiff claims that he did not receive notice of the January 8, 2015 deposition until more than two hours after the deposition was scheduled to begin, and defense counsel asserts that he was told by a prison official, at the time the deposition was scheduled to begin, that Plaintiff was refusing to leave his cell. In any event, Plaintiff's deposition was not taken, and the court's discovery deadline expired the next day.

At this stage of the proceedings, an order compelling compel Plaintiff to attend his deposition would require modification of the court's scheduling order to reopen discovery. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of the order. <u>Id.</u> The court may also consider the prejudice to the party opposing the modification. <u>Id.</u> If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify. <u>Zivkovic v. Southern California Edison, Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). A party may obtain relief from the court's deadline date for discovery by demonstrating good cause for allowing further discovery. Fed. R. Civ. P. 16(b)(4).

Plaintiff's argument that Defendants' motion to compel is untimely has merit. The deadline for completion of discovery, including the filing of motions to compel, expired on January 9, 2015, and Defendants filed their motion to compel more than two months later, on March 11, 2015. Defendants have not explained why they did not seek an extension of time to file their motion to compel.

Defendants also failed to timely request an extension of the discovery deadline, although they knew on January 8, 2015 that the deadline would expire without the completion of Plaintiff's deposition. Based on these facts, the court cannot find that Defendants exercised due diligence. Moreover, Defendants have not met their burden of demonstrating "actual and

substantial prejudice" from the denial of discovery. Discovery was open in this case for eight months, from May 9, 2014 until January 9, 2015. Defendants have not shown that Plaintiff's deposition is expected to provide relevant information that has not already been discovered. Therefore, Defendants' motion to compel Plaintiff's deposition shall be denied.

### III.   MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE

The court finds good cause to extend the deadline for the parties to file pretrial dispositive motions. The new deadline shall be <u>August 30, 2015</u>. Should any party require additional time, the party should file a motion before the prior deadline expires.

### IV.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel Plaintiff's deposition, filed on March 11, 2015, is DENIED;
2. Defendants' motion to extend the deadline for the parties to file pretrial dispositive deadlines is GRANTED;
3. The new deadline for the parties to file pretrial dispositive motions is **August 30, 2015**; and
4. All other provisions of the court's May 9, 2014 Scheduling Order remain the same.

IT IS SO ORDERED.

Dated:   **May 16, 2015**                         **/s/ Gary S. Austin**
                                                                  UNITED STATES MAGISTRATE JUDGE