UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>          Plaintiff,<br><br>     vs.<br><br>F. GONZALEZ, et al.,<br><br>          Defendants. | 1:08-cv-01113-LJO-EPG-PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DOCUMENTS RESPONSIVE TO FIRST SET OF DOCUMENT REQUESTS<br>(Doc. 189.)<br><br>ORDER REQUIRING PRODUCTION BY ALL DEFENDANTS OF DOCUMENTS RESPONSIVE TO DOCUMENT REQUESTS 1-6 WITHIN THIRTY DAYS OF THIS ORDER; or SUBMISSION FOR IN CAMERA REVIEW |

**I.   BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 1, 2008. (Doc. 1.)

The Ninth Circuit held that "there is a genuine dispute of material fact as to whether the evidence used by defendants in support of Gamez's 2010 re-validation as a gang associate, a report of an interview with a confidential informant, had 'sufficient indicia of reliability,' through corroboration or other means to meet the 'some evidence' standard as required to

satisfy due process." (Doc. 116 at 2; <u>Gamez v. Gonzales et al.</u>, 481 Fed.Appx. 310, 311 (9th Cir. 2012). Accordingly, the Court vacated the district court's summary judgment for defendants on Gamez's due process claims relating to his re-validation as a prison gang associate in 2010, and remanded for further proceedings. It also vacated the dismissal of Gamez's retaliation claim associated with the 2010 re-validation.

This case now proceeds with the Fourth Amended Complaint, filed on November 8, 2013, on Plaintiff's claims for due process violations concerning his 2010 and 2012 gang re-validations, and related retaliation claims, against defendants Holland, Gonzalez, Tyree, Gentry, Adame, and Jakabosky. (Doc. 147.)

On March 19, 2015, Plaintiff filed a motion to compel the production of documents by defendants Holland, Tyree, and Adame. (Doc. 189.) On April 16, 2015, defendants Holland, Tyree, and Adame filed an opposition to the motion. (Doc. 192.) On April 16, 2015, Plaintiff filed a reply to the opposition. (Doc. 193.) Plaintiff's motion to compel is now before the Court.

**II.   APPLICABLE LEGAL STANDARDS**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." <u>Id.</u> A party may propound requests for production of documents that are within the scope of Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 34(a).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" <u>Hunt v. County of Orange</u>, 672 F.3d 606, 616 (9th Cir. 2012) (quoting <u>Avila v. Willits Envtl. Remediation Trust</u>, 633 F.3d 828, 833 (9th Cir. 2011)).

Plaintiff is entitled to leniency as a *pro se* litigant; therefore, to the extent possible, the Court endeavors to resolve Plaintiff's motion to compel on its merits.  <u>Hunt</u>, 672 F.3d at 616; <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002.)

### III. <u>PLAINTIFF'S MOTION TO COMPEL</u>

Plaintiff moves to compel responses to his First Set of Requests for Production, dated March 19, 2015.  There are six document requests:

**REQUEST NO. 1**: Any and all documents that refer or relate to policies, procedures, and practices in effect in/or October 2007, to the present date which relate to the 180 days reviews of prisoners' indeterminate housing reviews.

**REQUEST NO. 2**: All relevant sections from 2007, to 2013, from the current California Department of Corrections' classification manual that details the criteria for allowing a gang member or associate to be housed in the general population.

**REQUEST NO. 3**: All documents reviewed in conjunction with every 180 days 'SHU' review of Plaintiff by the aforementioned Defendants from 2006, to 2013, including, but not limited to CDC 128-B Reports, CDC 128-G Reports, CDC 812-A Reports.

**REQUEST NO. 4**: Any and all documents that provide the criteria used by the institutional classification committee to determine when a validated prison gang member or associate should be released to the general prison population pursuant to the wording of the governing California Code of Regulations, title 15, section 3378(d).

**REQUEST NO. 5**: Any and all reports and photos of the 2010 and 2012, validation requests that were submitted to the Office of Correctional Safety (OCS) or SSU for review.

**REQUEST NO. 6**: A complete listing of all persons or agencies who were provided a copy of the documents relative to Plaintiff of validation request and/or validation.

Plaintiff argues that these documents are necessary to reveal what procedures were in place between 2010 and 2012, and for Plaintiff to be able to exhibit that Defendants violated

those procedures and Plaintiff's due process rights.  Plaintiff also states that he is willing to narrow his requests to seek only documents dated or in place as of 2010-2012.

Defendants fail to address any of the specific requests in their opposition.  Instead, Defendants argue that Plaintiff has failed to meet its burden of relevance.  Defendants also state generally that "each of the contested document requests are overly broad, impose undue burdens on Defendants, and, in many cases, implicate the privacy rights of third parties and would pose a security risk to those involved in providing the information and compromise the system for rooting out gang activity."  (Doc. 192 at 3:2-5.)

At the outset, this Court is not required to give boilerplate objections any weight.  See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005) ("We hold that boilerplate objections or blanket refusals inserted into a response to a Rule 34 request for production of documents are insufficient to assert a privilege."); A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("As an initial matter, general or boilerplate objections such as "overly burdensome and harassing" are improper— especially when a party fails to submit any evidentiary declarations supporting such objections. Similarly, boilerplate relevancy objections, without setting forth any explanation or argument why the requested documents are not relevant, are improper.") (internal citations omitted).

This is a case about due process. Plaintiff is entitled to learn what process was in place at the time of his revalidation proceedings.  Defendants are the ones who were trained under such processes and are in the best position to know which were in effect and have the best access to them.  Therefore, the Court orders that Defendants must produce all documents responsive to Requests 1, 2, and 4, subject to the *in camera* procedures discussed below.

Plaintiff is also entitled to all of the evidence that was presented and evaluated regarding his own validation proceedings, to determine if Defendants followed their own procedures.  While this is not the critical inquiry, it is relevant to the question of whether Defendants provided Plaintiff with constitutional due process.  Thus, the Court orders that Defendants must produce all documents responsive to Request 3 and 5, subject to the *in camera* procedures discussed below.

Request number 6 concerns what other agencies were provided documents related to Plaintiff's validation and/or revalidation. While not strictly relevant to Plaintiffs' claims, this request is directed to verifying that Defendants have produced all relevant documents and could provide an alternative way to search for additional documents. The Court also grants Plaintiff's motion to compel as to Request 6.

As to many of these document requests, Defendants state that production of these documents could pose security risks and compromise the system of rooting out gang activity. The Court does not understand how this can be true of all of the documents contained within, but the Court is also mindful of the importance of security in prison. To be clear, this order requires production of the procedures in place for determining validation of gang activity, and substantive information only as to this Plaintiff. Plaintiff is not requesting information about any other prisoner or gang. Moreover, the Plaintiff is entitled to understand the procedures that were supposed to be followed and how, if at all, they were followed in his own case.

Because of Defendants' objections based on security in this context, however, the Court will permit Defendants to submit documents *in camera,* for the Court's review, any documents or portions of documents that Defendants believe should be exempt from this order based on a concern about security or an issue of privilege. Defendants should submit the documents with a full explanation of the documents or portions or documents they believe fall within this restriction and a full explanation with any legal citations explaining their position.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel Document Requests 1, 2, 3, 4, 5, and 6 from his First Request for Production of Documents dated March 19, 2015 is granted. Defendants Holland, Tyree, and Adame are ordered to produce all requested documents within their possession, custody and control within thirty days of this order;

2. If Defendants believe that production of any such documents or portions of documents pose a security threat or invade a privilege, they should submit those

///

documents to the Court *in camera* with a full explanation within thirty days of this order.

3. Failure to comply with this order may result in sanctions.

IT IS SO ORDERED.

Dated: __**November 9, 2015**__              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE