UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants. | 1:08-cv-01113-EPG (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO SEAL<br>(ECF No. 213.)<br><br>DEADLINE FOR DEFENDANTS TO PROVIDE FURTHER BRIEFING: JANUARY 22, 2016 |

**I.   BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding with this civil rights action pursuant to 42 U.S.C. § 1983, with counsel appointed for limited purpose.[1]  The parties to this case have voluntarily consented to have Magistrate Judge Erica P. Grosjean conduct any and all further proceedings in the case, including the trial and entry of a final judgment.[2]

This case now proceeds on the Fourth Amended Complaint filed on November 8, 2013, with Plaintiff's claims for due process violations concerning his 2010 and 2012 gang validations, and related retaliation claims, against defendants K. Holland (Warden, CCI), F. Gonzalez (Former Warden, CCI), J. Tyree (IGI, CCI), J. Gentry (Former IGI, CCI), G. Adame

---

[1] On December 10, 2015, the Court appointed M. Greg Mullanax as counsel for Plaintiff, for the limited purpose of assisting Plaintiff with preparing for and participating in the upcoming settlement conference. (ECF No. 212.)

[2] On May 9, 2014, defendants Gonzalez, Gentry, Holland, Tyree, Adame, and Jakabosky consented to the jurisdiction of a Magistrate Judge under 28 U.S.C. § 636(c). (ECF No. 169.) On December 8, 2015, Plaintiff consented to the jurisdiction of a Magistrate Judge under 29 U.S.C. § 636(c). (ECF No. 208.) On December 10, 2015, this case was reassigned to Magistrate Judge Erica P. Grosjean for all further proceedings. (ECF No. 210.)

1  (Assistant IGI, CCI), and G. Jakabosky (SSU Special Agent). (ECF No. 147.)  A settlement
2  conference is scheduled for February 17, 2016 at 10:00 a.m. before the undersigned.

3        On January 6, 2016, Defendants filed a notice of intent to file confidential documents
4  under seal for *in camera* review, which the Court construes as a motion to seal.  (ECF No. 213.)
5  On January 7, 2016, Defendants submitted the documents to the Court which they seek to seal.

6        For the reasons described below, the Court denies the motion to seal, but will review the
7  documents *in camera* and return them to Defendants with an order requiring disclosure of
8  certain documents after review.

9        Specifically, Defendants have submitted two binders of documents for the Court's *in*
10 *camera* review, together with a motion to seal all of the documents and either keep them under
11 seal for seventy-five years, or return them to Defendants without unsealing them.  The
12 documents were submitted by Defendants to the Court after they were compelled in the Court's
13 order of November 9, 2015.  (ECF No. 201.)  That order stated that Defendants were to
14 produce documents requested by Plaintiff in his Document Requests 1, 2, 3, 4, 5, and 6 from
15 his First Request for Production of Documents dated March 19, 2015.  That order stated, "If
16 Defendants believe that production of any such documents or portions of documents pose a
17 security threat or invade a privilege, they should submit those documents to the Court *in*
18 *camera* with a full explanation within thirty days of this order."  (ECF No. 201 at 5-6 ¶2.)

19       At the telephonic hearing on November 20, 2015, the Court reiterated the order and
20 agreed to review documents *in camera.*  The Court repeatedly noted that the Plaintiff had due
21 process rights to balance against confidentiality and prison safety.  It requested Defendants to
22 specify exactly what should be withheld and on what legal basis.

23       Instead of doing so, Defendants submitted two binders of documents and requested they
24 all be kept completely under seal for seventy-five years.  Defendants did not provide any legal
25 basis or case citations for doing so, besides stating that both of the memoranda "must remain
26 confidential [because] to reveal the identity of the sources would jeopardize the inmates' safety,
27 the safety of other inmates involved, and the security of the institution."  (ECF No. 213 at 2:18-
28 20.)  The Court notes that Plaintiff must have already seen some of these documents, as some

contain his handwriting. It is thus not possibly the case that all of the documents should be withheld. Yet Defendants have provided no guidance on how to determine which, or which portions, should be withheld.

The Court thus denies Defendants' motion to seal. The Court will retain the documents and review them *in camera* for the purpose of determining which of them should be provided to Plaintiff in full or redacted form. It will then return the documents to Defendants with an order specifying which documents or portions should be produced.

That said, the Court again asks for briefing regarding what documents or portions of documents it believes should be withheld on what legal basis. Defendants are granted until January 22, 2016 to provide further briefing. Defendants' further briefing may be filed *ex parte* for the Court's review, and should not include any argument regarding the merits of the case.

Defendants should keep in mind that a failure to provide discovery will limit Defendants' ability to use that evidence at trial. In other words, if Defendant wish to rely on any evidence in their defense, they need to produce those documents or portion of such documents. Here, where Defendants' basis for gang validation is at issue, Defendants may wish to use redaction and other measures to provide them in discovery in order to use them to support their decisions. For these and other reasons, the Court believes that redaction and other tailored measures to provide as much evidence as possible consistent with security concerns will benefit all parties.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to seal, filed on January 6, 2016, is DENIED; and

2. Defendants are granted until January 22, 2016 to file a further briefing, as discussed in this order.

IT IS SO ORDERED.

Dated: **January 13, 2016**         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE