UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>    Plaintiff,<br><br>  vs.<br><br>F. GONZALEZ, et al.,<br><br>    Defendants. | 1:08-cv-01113-EPG (PC)<br><br>ORDER DIRECTING CLERK TO FILE DEFENDANTS' MOTION AND SUPPORTING DECLARATION UNDER SEAL, AND TO LODGE DOCUMENTS FOR IN CAMERA REVIEW |

### I.  BACKGROUND

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding with this civil rights action pursuant to 42 U.S.C. § 1983, with counsel appointed for limited purpose.[1]

On January 22, 2016, Defendants submitted a motion and declaration to the Court, together with documents for *in camera* review, in response to the Court's order issued on January 13, 2016.  The Court has reviewed the motion and declaration and determined that they contain confidential information and should be filed under seal.  The accompanying documents will be lodged for *in camera* consideration by the Court.

### II.  SEALING DOCUMENTS

Federal courts have recognized a strong presumption that judicial records are accessible to the public.  Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." Id. (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331

---

[1] On December 10, 2015, the Court appointed M. Greg Mullanax as counsel for Plaintiff, for the limited purpose of assisting Plaintiff with preparing for and participating in the upcoming settlement conference. (ECF No. 212.)

F.3d 1122, 1135 (9th Cir. 2003). Generally, if a party seeks to seal a judicial record, the party bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings" to justify sealing the records at issue. Kamakana, 447 F.3d at 1178.

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction," and the Supreme Court has acknowledged that the decision to seal documents is "one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." Nixon v. Warner Communications, Inc., 435 U.S. 589, 599 (1978). Courts should consider "the interests [of] the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting Nixon, 435 U.S. at 602). The party opposing disclosure has the burden of proving "good cause." See In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 424 (9th Cir. 2011) (citation omitted).

"Under the 'compelling reasons' standard, a district court must weigh 'relevant factors,' base its decision 'on a compelling reason,' and 'articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 679 (9th Cir. 2010) (quoting Hagestad, 49 F.3d at 1434). In general, when "'court files might have become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. Kamekana, 447 F.3d at 1179 (internal citations and alterations omitted). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. (citing Foltz, 331 F.3d at 1136.

**Discussion**

Defendants' motion is titled "Defendants' Response Motion, Pursuant to Court Order, for Further Briefing Regarding In Camera Documents Under Seal for In Camera Review." A declaration was submitted by Defendants in support of their motion.

The Court finds compelling reasons to justify sealing the motion and declaration submitted by Defendants.  Upon review, the Court finds that these documents contain information about the process and evidence used to classify Plaintiff as a prisoner with gang affiliation.  Thus, these documents reflect material, the disclosure of which might jeopardize the safety and security of inmates and staff, and the institutions in which they are housed or work.  Defendants' motion and supporting declaration are relevant to Plaintiff's claims in this case.  Here, the Court's duty to insure the safety and security of prison staff and inmates outweighs the public's interest in disclosure of Defendants' motion and declaration.  Therefore, the Clerk shall be directed to file Defendants' motion and declaration under seal.  Additionally, the Clerk shall be directed to lodge the documents accompanying the motion and declaration for *in camera* review.

### III.  CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Court finds compelling reasons to file under seal the motion and declaration submitted to the Court by Defendants on January 22, 2016;
2. The Clerk of Court is directed to file said motion and declaration under seal; and
3. The documents accompanying the declaration will be lodged with the Court for *in camera* review.

IT IS SO ORDERED.

Dated:   **January 22, 2016**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE