UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO ALEJANDRO GAMEZ,<br><br>        Plaintiff,<br><br>   vs.<br><br>F. GONZALEZ, et al.,<br><br>        Defendants. | 1:08-cv-01113-EPG-PC<br><br>ORDER REGARDING DEFENDANTS'<br>REQUEST TO WITHHOLD<br>DOCUMENTS ON BASIS OF<br>CONFIDENTIALITY RESPONSIVE TO<br>THE COURT'S ORDER GRANTING<br>PLAINTIFF'S MOTION TO COMPEL<br>DOCUMENTS RESPONSIVE TO FIRST<br>SET OF DOCUMENT REQUESTS<br>(ECF No. 201.)<br><br>ORDER REQUIRING PRODUCTION<br>BY ALL DEFENDANTS OF NON-<br>CONFIDENTIAL DOCUMENTS<br>WITHIN 5 DAYS OF ORDER |

I.  **BACKGROUND**

Sergio Alejandro Gamez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on August 1, 2008.  (ECF No. 1.)  This case now proceeds with the Fourth Amended Complaint, filed on November 8, 2013, on Plaintiff's claims for due process violations concerning his 2010 and 2012 gang revalidations, and related retaliation claims, against defendants Holland, Gonzalez, Tyree, Gentry, Adame, and Jakabosky.  (ECF No. 147.)

The Court granted Plaintiff's Motion to Compel Documents Responsive to First Set of Document Requests on November 9, 2015.  (ECF No. 201.)   The compelled documents included documents regarding Defendants' revalidation of Plaintiff's gang-affiliation in 2010 and 2012.  The Court gave Defendants the opportunity to submit documents for *in camera* review to the extent Defendants believed they were entitled to withhold any documents on the basis of privilege or prison security.  Defendants submitted such documents to the Court along

1

with specific objections to disclosure of certain documents to the Plaintiff.  The Court has reviewed the objections and grants Defendants' request to withhold certain documents based on confidentiality and prison security for the reasons described below, with the understanding that the Court may review them *in camera* in the future for a substantive evaluation relating to Plaintiff's due process claim.

## II.   PRIOR ORDERS ON MOTION TO COMPEL AND SEAL

On November 9, 2015, the Court ordered production of various categories of documents, along with an opportunity for Defendants to submit documents for *in camera* review if Defendants continued to object based on a privilege or prison security basis.  The categories of documents to be produced included the following:

**REQUEST NO. 3**:   All documents reviewed in conjunction with every 180 days 'SHU' review of Plaintiff by the aforementioned Defendants from 2006, to 2013, but not limited to CDC 128-B reports, CDC 128-G reports, CDC 812-A Reports.

**REQUEST NO. 5**:   Any and all reports and photos of the 2010 and 2012, validation requests that were submitted to the Office of Correctional Safety (OCS) or SSU for review.

(ECF No. 201 at p. 4.)

Defendants initially provided documents responsive to the document requests with a short motion to seal all documents for seventy-five years.  (ECF No. 213.)  The Court denied that motion and asked for resubmission of documents for *in camera* review along with a more thorough explanation of the basis to withhold those documents.  (ECF No. 214.)

## III.   ANALYSIS OF DEFENDANTS' CONFIDENTIALITY OBJECTION

Defendants have now submitted many documents responsive to the above document requests and asked that they be withheld as confidential.  Based on a clarifying order from the Court, (ECF No. 214), Defendants identified certain narrow documents that could be provided to Plaintiff, but maintained that the bulk of the information that was used to support Plaintiff's gang validation be withheld from Plaintiff because revelation of them to Gamez would endanger the lives of informants and reveal the confidential nature of how state officials were

and are able to gather information about Mexian Mafia gang affiliation.  (ECF No. 220, filed under seal.)

Defendants have filed a declaration of M. Lujan in support of Defendant's Request to Keep Certain Documents Confidential.  (ECF No. 221, sealed document.)[1]  M. Lujan is the litigation coordinator of the Office of Correctional Safety.   Among other things, M. Lujan declares:

> Disclosure of confidential memoranda would create a hazard to the safety and security of the institutions.  Confidential Memoranda are used to document information provided by gang informants, including the activities of the gang and gang active gang affiliates, identifying information for other informants, and nonparty inmates' gang status.  If disclosed, other gang members and associates could use this information to determine the identity of gang informants and target them for assault, extortion, or other predatory conduct, either directly or through other inmates.  Confidential memoranda include the informant's name, identifying information (e.g., CDCR number), and other information that would enable the gang to ascertain or narrow down the informant's identity (e.g., information the informant provided concerning other gang associates).  Even seemingly innocuous information contained in the memorandum, such as the date the informant was interviewed, could be compared to the date a gang affiliate left the housing unit to determine his identity.

> If the confidentiality of inmate informants is not protected, not only are the informants endangered, but future gang investigations would be hampered.  Inmates generally are unwilling to share information unless their anonymity is protected.  Making inmates hesitant or unwilling to fully report information about other inmates, out of fear of retribution from the gang, would undermine CDCR's gang-management policies.   Further, there is the potential that disclosure of these documents could educate inmates about CDCR's gang-investigatory techniques which also would hamper future investigations. . . .

> I have reviewed the Gang Validation Review Worksheets for 2010 and 2012 completed by IGI Specialist J. Tyree and J. Gentry.  It contains [confidential information] that may not be disclosed to inmates, parolees, or unauthorized persons because doing so would adversely impact gang-data-base security, thereby jeopardizing the security of institutions and safety of individuals.

(ECF No. 221, sealed document.)  The declaration provides additional detail regarding why the specific information sought here is confidential and its disclosure would threaten prison safety.

---

[1] The Court *sua sponte* ordered that this declaration and the accompanying memorandum be filed under seal because portions of the documents referred to the confidential information subject to Defendants' request to seal.  (ECF No. 218.)  The Court has included excerpts of those documents in this order to the extent relevant and without revealing confidential information.  As the Court was the one who sealed the document, the Court hearby unseals the portions of the documents quoted in this order.  At all times, the Court has attempted to balance the interests in confidentiality with fair disclosure to all parties.

California designates as confidential, "(1) Information which, if known to the inmate, would endanger the safety of any person.  (2) Information which would jeopardize the security of the institution."  Cal. Code Regs. tit. 15, § 3321.  Courts may limit disclosure based on confidentiality and safety concerns.  See <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 35 n.21 (1984) ("Although the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule.").

Courts addressing this issue have held that the confidential information used to validate a gang-affiliation can be withheld from a prison inmate, subject to *in camera* review by the Court.  The Ninth Circuit set forth the way that *in camera* review fits into the consideration of due process as follows:

> [A] prison disciplinary committee's determination derived from a statement of an unidentified inmate informant satisfies due process when (1) the record contains some factual information from which the committee can reasonably conclude that the information was reliable, and (2) the record contains a prison official's affirmative statement that safety considerations prevent the disclosure of the informant's name.  Review of both the reliability determination and the safety determination should be deferential.
>
> Reliability may be established by: (1) the oath of the investigating officer appearing before the committee as to the truth of his report that contains confidential information, (2) corroborating testimony, (3) a statement on the record by the chairman of the committee that he had firsthand knowledge of sources of information and considered them reliable based on the informant's past record, or (4) an *in camera* review of the documentation from which credibility was assessed. Proof that an informant previously supplied reliable information is sufficient.

<u>Zimmerlee v. Keeney</u>, 831 F.2d 183, 186-87 (9th Cir. 1987) (internal citations omitted).  <u>See also</u> <u>Rios v. Tilton</u>, No. 2:07-CV-0790 KJN P, 2016 WL 29567, at *2 (E.D. Cal. Jan. 4, 2016) ("At a pretrial conference held on August 28, 2014, the parties agreed that the court would conduct an in camera review of the confidential information relied upon to validate plaintiff as a gang associate to determine whether plaintiff's validation met federal due process standards."); <u>Luna v. Cate</u>, No. 1:13-CV-00822-SAB-PC, 2016 WL 29635, at *5 (E.D. Cal. Jan. 4, 2016) ("Plaintiff is not entitled to production of confidential memoranda because, as explained by M. Luna, disclosure of such information would pose a threat to the safety and

security of institutional staff, inmates, or the public. Plaintiff is advised that the Court can and will review any relevant confidential documentation in camera if necessary to properly address his due process claim.").

The Court believes this process is appropriate here.  Accordingly, the Court will allow Defendants to withhold the documents they have claimed, with supporting declaration, are confidential whose disclosure would harm prison safety.  At an appropriate time, the Court will be available for *in camera* review of the documentation to determine if it satisfies the standards for "some evidence."[2]  Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) ("Bruce claims he was denied due process because prison officials did not have sufficient evidence to validate him as a member of the BGF prison gang. This due process claim is subject to the 'some evidence' standard of Superintendent v. Hill, which the district court properly cited and applied. . . . California's policy of assigning suspected gang affiliates to the Security Housing Unit is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates.").

That is not to say that the Court will determine all of Plaintiff's claims based on *in camera* review of these confidential documents.  There remain factual issues, ultimately for the jury's determination, of the other elements of a due process determination, including whether prison officials held a nonadversary hearing within a reasonable time after Plaintiff was segregated, whether prison officials informed Plaintiff of the charges against the prisoner or their reasons for considering segregation, and whether prison officials allowed Plaintiff to present his views.  Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986) (footnote omitted), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995). Additionally, Plaintiff's retaliation claim is a separate question of fact for the jury.  See Bruce,

---

[2] In Defendants' submission, Defendants appear to request a determination now from the Court that there was adequate indicia of reliability to use each of the items to validate Plaintiff as a prison-gang associate.  The Court declines to do so now.  The purpose of the *in camera* review was for discovery purposes only.  The Plaintiff has not had access to Defendants' brief, based on the Court's sealing order due to the reference to confidential information.  The Plaintiff has not had an opportunity to opine regarding the relevant standard. While the parties can determine when to request such a determination, the Court is willing to do so in the course of summary judgment of pretrial proceedings.

351 F.3d at 1289 (holding that retaliation claim was not subject to summary judgment despite finding that there was some evidence to support his gang-validation because "[t]he 'some evidence' standard applies only to due process claims attacking the result of a disciplinary board's proceeding, not the correctional officer's retaliatory accusation").

**IV.    CONCLUSION**

    Based on the foregoing, IT IS HEREBY ORDERED that:

1.    Defendants' request to withhold certain documents subject to the Court's Motion to Compel Order dated November 9, 2015 is granted; and

2.    Defendants shall produce to Plaintiff all documents identified as appropriate for production from within the group of documents submitted for *in camera* review within 5 days of this order.

IT IS SO ORDERED.

    Dated:   __**January 29, 2016**__          _____/s/ Erica P. Grosjean_____

                                                      UNITED STATES MAGISTRATE JUDGE